## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

MIGUEL AND INGA GUTIERREZ,

      Plaintiffs,

vs.                          No. CIV 06-0937 RB/WPL

THOMAS SCHWANDER, et al.,

      Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** came before the Court on Defendant Zahid Afridi, M.D.'s ("Dr. Alfridi's") Motions to Quash Service for Insufficiency of Service of Process (Docs. 35 and 64), filed on November 14, 2006 and November 27, 2006, Defendant Mark Bolinger's Motion for More Definite Statement (Doc. 33), filed on November 13, 2006, and Defendant F. Randolph Burroughs' Motion for a More Definite Statement (Doc. 58), filed on November 20, 2006.  Having considered the record, arguments of the parties, relevant law, and being otherwise fully advised, I find that Dr. Alfridi's and Defendant Burroughs' motions should be granted, and that Defendant Bolinger's motion should be denied.

## I.     Background.

On October 3, 2006, Plaintiffs filed this case pro se, asserting federal civil rights claims and supplemental state-law claims against their neighbors, other individuals, a private road maintenance fund, various government officials, the Twelfth Judicial District Attorney's Office, and the Otero County Board of Commissioners.

## II.     Standard.

As pro se litigants, Plaintiffs are entitled to a liberal reading of their pleadings and their

submissions are held to a less stringent standard than applied to those drafted by lawyers. *Gillihan v. Shillinger*, 872 F.2d 935, 938 (10th Cir.1989). However, the Court may not assume the role of advocate for pro se litigants, and need not accept unsupported conclusory allegations as true. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). Pro se litigants must follow the same rules of procedure that govern other litigants. *Oklahoma Gold & Federated Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 139 (10th Cir.1994).

## III.  Discussion.

### A.  Dr. Afridi's Motions to Quash Service for Insufficiency of Service of Process.

Plaintiffs allege that Dr. Afridi negligently prescribed the wrong medication for Plaintiff Inga Gutierrez, failed to monitor her and had her transported and confined at the state mental hospital to cover up his malpractice. (Compl. Sec. A ¶ 37; Sec. C ¶¶ 34 & 39.)

On October 15, 2006, Dr. Alfridi left his employment at the Ben Archer Healthcare Center in Alamogordo, New Mexico. On October 25, 2006, a summons and complaint were hand-delivered by a process server to the Ben Archer Healthcare Center in Alamogordo, New Mexico. The process server indicated on the return of service that it was "returned unexecuted" because Dr. Alfridi had moved to Portland, Oregon. (Doc. 9.)

Dr. Alfridi, by special appearance, filed a notice of unexecuted service on Dr. Alfridi or, in the alternative, motion to quash for insufficiency of service of process. Plaintiffs responded that, on November 1, 2006, a manager from the Ben Archer Healthcare Center called them and agreed to accept service for Dr. Alfridi. An alias summons and complaint were hand-delivered by a process server to the Ben Archer Healthcare Center on November 2, 2006. The process server indicated on the return of service that process was "[s]erved to Andrea Ocasio, RN, office manager . . . an agent

authorized to accept service for Dr. Zahid Alfridi."  (Doc. 53.)

Dr. Alfridi, by special appearance, filed a motion to quash service based on insufficiency of service of process.  In an affidavit, Andrea Ocasio stated that she accepted receipt of the documents on November 2, 2006, but that neither she nor any one else at the Ben Archer Healthcare Center was authorized to accept service on behalf of Dr. Alfridi.  Plaintiffs responded that counsel should accept service on behalf of Dr. Alfridi, Plaintiffs have a "probable address" for Dr. Alfridi in Beaverton, Oregon, Plaintiffs believed Ms. Ocasio was authorized to receive service, and notice by publication was sufficient.  Plaintiffs filed a notice indicating that they published a summons in the Alamogordo Daily News on October 29, 2006, November 5, 2006, and November 12, 2006.  (Doc. 75, Ex. A.)

Due process requires notice reasonably calculated, under all the circumstances, to inform parties of the action and afford them the opportunity to present their objections.  *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950).  A party may challenge the sufficiency of service of process without waiving such objection.  *See* 5B Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Federal Practice and Procedure § 1344 (2004).  Although the distinction between special and general appearances has been abolished, a prudent attorney may use the words "special appearance" in order to emphasize that a party is not waiving an objection to sufficiency of service of process.  *Id*.  By filing the notice of unexecuted service of process and motions to quash, Dr. Alfridi properly raised his objection.  Counsel is under no obligation to waive the objection by accepting service on behalf of Dr. Alfridi.

Service may be effected upon an individual "by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. 4(e)(2).  This provision was not satisfied because Ms. Ocasio was not authorized to accept

service on behalf of Dr. Alfridi.  Alternatively, service may be effected by delivering a copy of the process at the "actual place of business or employment of the defendant to the person apparently in charge thereof . . .."  N. M. Rules Ann. Civ. 4 (F)(3).  The provision was not satisfied because the Ben Archer Healthcare Center was not Dr. Alfridi's actual place of employment on October 25, 2006 or November 2, 2006.

Publication of the summons in the Alamogordo Daily News was insufficient to effect service on Dr. Alfridi.  Service by publication may be made only with leave of the Court.  *See* N. M. Rules Ann. Civ. 4 (J & K).  Plaintiff did not obtain leave of the Court or otherwise comply with N. M. Rules Ann. Civ. 4 (K).  Moreover, due process prohibits the use of constructive service where it is feasible to give actual notice.  *Classen v. Classen*, 119 N.M. 582, 893 P.2d 478 (Ct. App. 1995).  Plaintiffs have a "probable address" for Dr. Alfridi in Oregon.  The motion to quash service of process will be granted.

Plaintiffs are admonished that:

> "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time . . .."

Fed. R. Civ. P. 4(m).  Almost 120 days have elapsed since the filing of the Complaint. Dr. Alfridi and several other defendants have not been served.  In order to avoid dismissal without prejudice of this action with respect to Dr. Alfridi and the other, unserved defendants, Plaintiffs must either effect service, or show good cause why these Defendants have not been served, by February 13, 2007.

**B.    Defendant Bolinger's Motion for More Definite Statement.**

On November 13, 2006, counsel filed an Answer on behalf of Defendant Bolinger.  (Doc. 29.)

4

On the same day, Defendant Bolinger, acting pro se, filed an "Answer and Motion for More Definite Statement." (Doc. 33.) A defendant may file a motion for more definite statement, when the Complaint "is so vague or ambiguous" that the defendant "cannot reasonably be required to frame a responsive pleading." Fed.R.Civ.P. 12(e).

The Complaint was not so vague or ambiguous to require a more definite statement in that counsel was able to frame a responsive pleading. In addition, "[a] party who is represented by an attorney may not personally make any filings, other than a notice of appeal, or represent himself or herself unless otherwise ordered." D.N.M.LR-Civ. 83.5. Because Defendant Bolinger was represented by counsel when he filed his motion for a more definite statement, and counsel was able to answer the Complaint, the motion will be denied.

**C.     Defendant Burroughs' Motion for a More Definite Statement.**

Defendant Burroughs moves for a more definite statement with respect to the claims alleged against him. A party may move for a more definite statement of any pleading that is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). Motions for more definite statement are disfavored in light of the liberal discovery provided under the federal rules. *Resolution Tr. Corp. v. Thomas*, 837 F.Supp. 354, 355 (D. Kan.1993). Such motions are granted only when a party is unable to determine the issues requiring a response. *Id.* Rule 12(e) is designed to remedy unintelligible pleadings, not merely to correct for lack of detail. *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 35 (S.D.N.Y. 1992). The question of whether to grant a motion for a more definite statement is committed to the sound discretion of the trial court. *Old Time Enters. v. Int'l Coffee Corp.*, 862 F.2d 1213, 1217 (5th Cir.1989).

Plaintiffs allege that Defendant Burroughs, an attorney, "would file frivolous and malicious

5

lawsuits, knowingly present false evidence, coaching [sic] witnesses, and even filing a writ against the Plaintiff's [sic] property after filing a lien against their property violating the 4th Amendments [sic] of both the State and US [sic] Constitutions." (Compl. Sec. A ¶ 36.) Plaintiffs further allege that Defendant Burroughs represented Defendant Elizabeth Gordon in a state civil action against Plaintiffs. (Compl. Sec. C ¶ 72.)

While Federal Rule of Civil Procedure 8(a) requires only that a pleading include "a short and plain statement of the claim showing that the pleader is entitled to relief," pleadings must "specify the allegations in a manner that provides sufficient notice" to the adverse party. *Swierkiewwicz v. Sorema*, 534 U.S. 506, 514 (2002). The Federal Rules generally require a statement that "will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). In order to provide sufficient notice where there are multiple claims against multiple defendants, a complaint should identify "which defendants are liable to plaintiffs for which wrongs, based on the evidence." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir.1996) (observing that more definite statement was appropriate where prolix, confusing complaint imposed unfair burden on defendants and judge.)

The fifty-three-page Complaint names thirty-seven defendants and contains over thirty pages of narrative facts. Defendants Burroughs' hands are tied in responding to the Complaint because the Complaint neither delineates which claims are alleged against Defendant Burroughs, nor gives him fair notice of the factual basis for such claims. Under these circumstances, Defendant Burroughs' Motion for a More Definite Statement will be granted. Plaintiffs must file an amended complaint that complies with the requirements of Fed. R. Civ. P. 8(a) by February 5, 2007.

**WHEREFORE,**

**IT IS ORDERED** that Defendant Dr. Zahid Afridi's Motions to Quash Service for

Insufficiency of Service of Process (Docs. 35 and 64), filed on November 14, 2006 and November 27, 2006, are **GRANTED.**

**IT IS FURTHER ORDERED** that, in order to avoid dismissal without prejudice of this action with respect to Dr. Alfridi and the other, unserved defendants, Plaintiffs must either effect service, or show good cause why these Defendants have not been served, by February 13, 2007.

**IT IS FURTHER ORDERED** that Defendant Mark Bolinger's Motion for More Definite Statement (Doc. 33), filed on November 13, 2006, is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant F. Randolph Burroughs' Motion for a More Definite Statement (Doc. 58), filed on November 20, 2006, is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs must file an amended complaint that complies with the requirements of Fed. R. Civ. P. 8(a) by February 13, 2007.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**