## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

MIGUEL AND INGA GUTIERREZ,

        Plaintiffs,

vs.                                   No. CIV 06-0937 RB/WPL

THOMAS SCHWANDER, et al.,

        Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Brian M. Nelson, Jr.'s Motion to Quash Service of Process (Doc. 92), filed February 23, 2007; Defendant F. Randolph Burroughs' Motion to Dismiss (Doc. 97), filed on February 28, 2007; and Defendant United States of America's ("United States'") Motion to Dismiss Plaintiffs' Amended Complaint and Memorandum in Support (Doc. 102), filed March 2, 2007.  Having considered the record, arguments of the parties, relevant law, and being otherwise fully advised, the Court determines that the motions should all be granted.

I.     **Background.**

On October 3, 2006, Plaintiffs filed this case *pro se*, asserting federal civil rights claims and supplemental state-law claims against their neighbors, other individuals, a private road maintenance fund, various government officials, the Twelfth Judicial District Attorney's Office, and the Otero County Board of Commissioners.  In response to various motions filed by certain of the defendants, the Court entered a Memorandum Opinion and Order (Doc. 82) on January 19, 2007, that, among other things, concluded that Plaintiffs' Complaint did not give Defendant Burroughs fair notice of the factual basis for the claims against him.  The Court thus ordered Plaintiffs to file an amended complaint.

On February 12, 2007, Plaintiffs filed a first amended complaint (the "Amended Complaint") (Doc. 83).  The Amended Complaint contains seventy-seven pages, names thirty-three defendants, and asserts various federal civil rights and supplemental state-law claims.  The numerous claims appear to arise out of a dispute concerning the use by neighbors and others of a purported easement through Plaintiffs' property to Bureau of Land Management ("BLM") land.  Plaintiffs deny that such an easement exists and allege, generally, that Defendants "began a systematic physical invasion, invasion of privacy, physical attacks, and filing criminal charges by false affirmations and statements" in order "to accomplish an illegitimate means to drive the Plaintiffs out of their property violating the Plaintiffs' civil rights." (Am. Compl. at 12.)  The Amended Complaint also substitutes Brian M. Nelson, Jr., as a defendant instead of Brian M. Nelson.

Plaintiff Inga Gutierrez also brings claims in the Amended Complaint against Dr. Zahid Afridi ("Dr. Afridi"), a doctor at the Ben Archer Health Clinic in Alamogordo, New Mexico, "under color of law" for medical malpractice and for transporting, confining, and committing her to a state mental institution to cover up his malpractice. (Am. Compl. at 28-29.)  Plaintiff Inga Gutierrez claims she was drugged against her will and held at the facility for a weekend.

On February 20, 2007, the United States gave notice of its substitution for Dr. Afridi.  The United States averred that Dr. Afridi was a federal employee acting in the scope of his employment, that he was covered under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b) and §§ 2671-2680, and that the United States should be substituted as a defendant in accordance with the FTCA. (Doc. 87).  The Court subsequently entered an Order substituting the United States for Dr. Afridi and dismissing Plaintiffs' claims against Dr. Afridi with prejudice. (Doc. 99).

## II.    Standard.

As pro se litigants, Plaintiffs are entitled to a liberal reading of their pleadings and their

submissions are held to a less stringent standard than applied to those drafted by lawyers. *Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted).  The Court may not take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quotation omitted).  Pro se litigants must follow the same rules of procedure that govern other litigants. *Id.*

## III.  Discussion.

### A.  Defendant Nelson's Motion to Quash Service of Process.

Defendant Brian M. Nelson, Jr. ("Defendant Nelson") moves to quash service of process under Federal Rule of Civil Procedure 12(b)(5) because he was not a party to the original complaint and has never been personally served.  Defendant Nelson argues that Plaintiffs served "Brian M. Nelson", Defendant Nelson's father, at Coldwell Banker Sudderth Nelson, Inc., 820 Scenic Drive in Alamogordo, New Mexico.  Brian M. Nelson, however, has had no contact with Plaintiffs and was apparently misnamed in the complaint.  Defendant Nelson asserts that, at the time Brian M. Nelson was served, Defendant Nelson was working as a Coldwell Banker agent, but at the office at 800 Scenic Drive in Alamogordo, not 820 Scenic Drive.  After counsel for Defendants notified Plaintiffs by letter that they had named the wrong person as a defendant, Plaintiffs subsequently substituted "Brian M. Nelson, Jr." for "Brian M. Nelson" as a defendant in their Amended Complaint.  Defendant Nelson argues that he has not been properly served and objects to the validity of the service of process on his father.

Plaintiffs contend that Defendant Nelson's counsel led Plaintiffs to believe that further service of process on Defendant Nelson would be duplicative and unnecessary.  Plaintiffs argue that justice would not be served by dismissing their case against Defendant Nelson, because they made a good faith attempt to correctly serve him and Defendant Nelson has not been prejudiced by the

3

failure to properly serve him, as evident by the fact that he received notice of the case against him.

Plaintiffs, as the parties asserting the validity of service, bear the burden of proof to demonstrate sufficient service. *Grand Entm't Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993); *Rivera-Lopez v. Municipality of Dorado*, 979 F.2d 885, 887 (1st Cir. 1992) (following challenge of sufficiency of service, plaintiffs bear the burden to prove that service was proper). It is undisputed that the return of service intended for Defendant Nelson was instead made to "Brian M. Nelson" at 820 Scenic Drive, Alamogordo, and that Cheryll Weisensel, an Accounting Auditor for Coldwell Banker Sudderth Nelson, Inc., received service for Brian M. Nelson. (*See* Return of Service (Doc. 44).) Plaintiffs also do not dispute that they initially sued Defendant Nelson's father, instead of Defendant Nelson. Indeed, upon learning of the error, Plaintiffs amended their complaint to reflect the proper defendant. (*Compare* Compl. (Doc. 1), *with* Am. Compl (Doc. 83).) Plaintiffs instead contend that, because Defendant Nelson is a Coldwell Banker agent, the service on his father at Coldwell Banker Sudderth Nelson, Inc., 820 Scenic Drive, should constitute effective service as to Defendant Nelson. Plaintiffs do not argue that they attempted any other service on Defendant Nelson.

Service may be effected upon an individual "by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2). Although the return of service states that Ms. Weisensel was authorized to receive service for Brian M. Nelson, Plaintiffs have not shown that Ms. Weisensel was authorized to accept service on behalf of his son, Defendant Nelson. Plaintiffs thus have not demonstrated service upon an agent of Defendant Nelson sufficient to satisfy Rule 4(e)(2). *See Babb v. Bridgestone/Firestone*, 861 F.Supp. 50, 51-52 (M.D. Tenn. 1993) (service on receptionist who was not appointed agent at defendant's place of business improper).

Alternatively, Rule 4(e)(1) provides that service is proper if it was done in any manner authorized under the law of the state in which the district court is located or in which service is effected. Fed. R. Civ. P. 4(e)(1). The relevant New Mexico service of process rule applicable here is NMRA 1-004(F)(3). New Mexico permits service on an individual "by delivering a copy of the process at the actual place of business or employment of the defendant to the person apparently in charge thereof *and* by mailing a copy of the summons and complaint by first class mail to the defendant at the defendant's last known mailing address *and* at the defendant's actual place of business or employment." NMRA 1-004(F)(3) (emphasis added). Service can only be accomplished according to Rule 1-004(F)(3) "[i]f service is not accomplished in accordance with Subparagraphs (1) and (2)". *Id.* Rule 1-004(F)(3) thus "may be used only when service of process has been attempted, unsuccessfully, in accordance with Rule 1-004(F)(1) and Rule 1-004(F)(2)." NMRA 1-004, Committee Comments.[1]

Plaintiffs have not met Rule 1-004(F)(3) because they have not demonstrated that Defendant Nelson's actual place of business was at 820 Scenic Drive, rather than at 800 Scenic Drive.[2] Nor have Plaintiffs shown that they mailed a copy of the summons and complaint by first class mail to Defendant Nelson at his last known mailing address and at his actual place of business or employment. Finally, Plaintiffs have not established that they attempted service unsuccessfully

---

[1] Rule 1-004(F)(1) permits service on the individual personally or by mail or commercial courier service, provided that the envelope is addressed to the named defendant and that the defendant or a person authorized by appointment, by law, or by this rule to accept service of process signs a receipt for the envelope or package containing the summons and complaint. NMRA 1-004(E)(3) & (F)(1). Rule 1-004(F)(2) provides for service by delivering a copy of the process to some person over 15 years of age residing at the usual place of abode of the defendant and by mailing a copy of the process by first class mail to the defendant at the defendant's last known mailing address. NMRA 1-004(F)(2).

[2] The Court has considered the exhibits attached to Plaintiffs' response to Defendant Nelson's motion to quash and finds that they do not establish that Defendant Nelson's place of business or employment was 820 Scenic Drive, rather than 800 Scenic Drive. The Court understands Plaintiffs' confusion in this matter, but based on the record before it, the Court cannot find that Plaintiffs properly effected service on Defendant Nelson.

5

under Rules 1-004(F)(1) and 1-004(F)(2).  Plaintiffs, therefore, have not demonstrated that they

properly served Defendant Nelson under Federal Rule of Civil Procedure 4(e).

      Moreover, Plaintiffs have not shown that Defendant Nelson waived service of process.  The

letter from counsel for Defendant Nelson does not state or imply that Defendant Nelson was waiving

service of process.  It merely informed Plaintiffs of their mistake as to Defendant Nelson's identity.

(*See* Def. Nelson's Reply (Doc. 114), Ex. 1.)  The fact that Defendant Nelson has notice of the

pending action also does not excuse Plaintiffs' service of process obligations under Rule 4.  *See*

*Mid-Continent Wood Products, Inc. v. Harris*, 936 F.2d 297, 301 (7th Cir. 1991) (actual notice of

litigation is insufficient to satisfy Rule 4's requirements; valid service of process is necessary to

assert personal jurisdiction over defendant); *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986)

(without substantial compliance with Rule 4, defendant's actual notice of action does not provide

court with personal jurisdiction).  For the foregoing reasons, Defendant Nelson's motion to quash

service of process will be granted.

      Plaintiffs are again admonished that:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time . . ..

Fed. R. Civ. P. 4(m).  Plaintiffs filed the Amended Complaint with Defendant Nelson named as the

correct defendant on February 12, 2007.  Plaintiffs have only 120 days from the date they filed the

Amended Complaint to serve any new defendants, including Defendant Nelson.  *See Bolden v. City*

*of Topeka*, 441 F.3d 1129, 1148 (10th Cir. 2006); *Carmona v. Ross*, 376 F.3d 829, 830 (8th Cir.

2004); *City of Merced v. Fields*, 997 F.Supp. 1326, 1337-39 (E.D. Cal. 1998).

**B.      Defendant Burroughs' Motion to Dismiss**

Defendant Burroughs argues that Plaintiffs' claims against him should be dismissed for failure to state a claim upon which relief can be granted.  The Court will examine each of the causes of action in turn.

**1.      Section 1983 Claim**

Section 1983 creates a claim against a person "who, under color of any statute, ordinance, regulation, custom, or usage, of any State" deprived another of his federal constitutional or statutory rights.  42 U.S.C. § 1983.  The meaning of "under color" of law has consistently been treated as the same thing as "state action" under the Fourteenth Amendment.  *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982) (quoting *United States v. Price*, 383 U.S. 787, 794, n.7 (1966)).  A person acts under color of law if their actions can fairly be attributable to the State.  *Rendell-Baker*, 457 U.S. at 838.

The Tenth Circuit has delineated four tests to determine whether private parties should be deemed to be acting "under color" of law: (1) whether the private party exercises powers traditionally exclusively reserved to the State (the public function test); (2) whether there is a sufficiently close nexus between the State and the challenged conduct such that the conduct may be fairly treated as that of the State itself (the nexus test); (3) whether the State has so far insinuated itself into a position of interdependence with the private party that there is a symbiotic relationship between them (the symbiotic relationship test); and (4) whether the private party was a willful participant in joint activity with the State or its agents (the joint action test).  *See Johnson v. Rodrigues*, 293 F.3d 1196, 1202-03 (10th Cir. 2002).

Plaintiffs' § 1983 claim against Defendant Burroughs arises out of his actions taken as an attorney in filing a civil lawsuit on behalf of his clients against Plaintiffs for interference with an

easement.  Filing and litigating a civil lawsuit on behalf of a client is not a function traditionally performed by governments, and thus, there is no state action under the public function test.  *Cf. Johnson*, 293 F.3d at 1203.  There is also no state action under the nexus test, because the Amended Complaint does not allege facts to show that the State exercised coercive power over or provided significant encouragement to Defendant Burroughs to establish that his actions bore a close nexus to the State.  *Cf. id.* ("Merely availing oneself of state judicial procedures is insufficient to constitute state action.").

Plaintiffs' Amended Complaint also fails to allege facts to show state action under either the symbiotic relationship or the joint action test.  The allegations do not demonstrate that the State insinuated itself into a position of interdependence with Defendant Burroughs such that it was a joint participant in the challenged activity.  Plaintiffs' allegation that the state judge "worked willingly" with Defendant Burroughs by granting a preliminary injunction against Plaintiffs in the state case does not demonstrate joint action by the State.  A private party's invocation of state legal procedures does not constitute joint participation or conspiracy with state officials under § 1983.  *Johnson*, 293 F.3d at 1205.  Moreover, Plaintiffs' general and conclusory allegation that Defendant Burroughs' wrongful acts were committed as part of a conspiracy between "[a]ll defendants" does not demonstrate a substantial degree of cooperative action between state officials and Defendant Burroughs sufficient to meet the joint action test.  *Cf. id.*; *Sooner Products Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983) ("When a plaintiff in a § 1983 action attempts to assert the necessary 'state action' by implicating state officials or judges in a conspiracy with private defendants, mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action."); *Hirsch v. Copenhaver*, 839 F.Supp. 1524, 1528-29 (D. Wyo. 1993) (dismissing § 1983 claim because sweeping allegations

of acts by all defendants that were conspiratorial in nature were too conclusory to state claim that defendants acted under color of state law).

Accordingly, Plaintiffs' Amended Complaint fails to state a § 1983 claim against Defendant Burroughs because it does not allege sufficient facts to establish that Defendant Burroughs was acting under color of state law. *See Polk County v. Dodson*, 454 U.S. 312, 318, 325 (1981) (noting with approval that "a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983" and holding that public defender does not act under color of state law when performing lawyer's traditional functions as counsel); *Hirsch*, 839 F.Supp. at 1529 (dismissing § 1983 claim against attorney because attorney does not become state actor by virtue of instigating state court litigation) (citing *Barnard v. Young*, 720 F.2d 1188, 1189 (10th Cir. 1983)).

### 2.    Section 1985 and Section 1986 claims

Defendant Burroughs argues that the conspiracy claim against him must be dismissed for failure to allege sufficient facts to show a conspiracy. He also argues that the § 1986 claim against him must be dismissed because he is not subject to liability for acting in his role as an attorney.

To state a claim under § 1985(3)[3], Plaintiffs must establish (1) a conspiracy; (2) to deprive Plaintiffs of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom. *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993). The courts have clarified, however, that § 1985(3) only applies "to

---

[3] Plaintiffs assert a claim generally under "Title 42 U.S.C. Section 1985 Depriving persons of rights or privileges." Based on Plaintiffs' allegations, the Amended Complaint appears only to implicate § 1985(3). To the extent their claims can be construed as § 1985(2) claims under the conspiracy to obstruct justice clause or the conspiracy to injure a person or his property for enforcing rights clause, those claims must also be dismissed for failure to state a conspiracy or a class-based invidiously discriminatory animus. *See Howell v. Koch*, 69 F.3d 548 (Table), 1995 WL 649776 *5 (10th Cir.1995) (unpublished decision) (clauses C and D of § 1985(2) require that conspiracy be class-based).

conspiracies motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus.' " *Tilton*, 6 F.3d at 686 (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 101-02 (1971)).  The class-based animus language has been narrowly construed.  *Tilton*, 6 F.3d at 686.  Plaintiffs' § 1985 conspiracy claim must be dismissed for failure to allege facts to show a conspiracy or a class-based invidiously discriminatory animus.

"The Tenth Circuit has held that mere conclusory allegations of a conspiracy with no supporting factual averments are insufficient to state a claim under section 1985(3)."  *Barger v. Kansas*, 620 F.Supp. 1432, 1436 (D. Kan. 1985) (citing *Sooner Products*, 708 F.2d at 512).  Plaintiffs have not alleged sufficient facts tending to show any agreement or concerted action on the part of Defendant Burroughs to deprive Plaintiffs of their civil rights.  *See Harris v. American Med. Int'l, Inc.*, 982 F.2d 528 (Table), 1992 WL 367973 *2 (10th Cir. 1992) (unpublished decision) (plaintiff's conclusory allegations of conspiracy lacked supporting factual detail to state § 1985 claim).  Actions taken by Defendant Burroughs on behalf of his clients in the course of his legal representation of them do not amount to a conspiracy under § 1985.  *See Heffernan v. Hunter*, 189 F.3d 405, 413 (3d Cir. 1999) (actions taken by attorney within scope of representation, even if activity violates canons of ethics, cannot form basis for conspiracy charge under § 1985).

Plaintiffs also failed to allege facts showing a class-based invidiously discriminatory animus.  Although Plaintiffs allege in the Amended Complaint that Defendants knew "the Plaintiffs to be a protected and vulnerable class," Plaintiffs do not allege what the protected and vulnerable class is.  The closest the complaint comes to pointing to a protected class are the bare allegations that Plaintiff Miguel Gutierrez is totally disabled and that Defendants violated the Americans with Disabilities Act.  Plaintiffs, however, do not assert sufficient facts to show that Defendant Burroughs conspired against Plaintiffs and filed the civil lawsuit against them because they were a protected class or

10

because Plaintiff Miguel Gutierrez was disabled.  Rather, the Amended Complaint alleges that Defendants' actions were taken "for an illegitimate animus to secure the Plaintiffs' property for their own use."  (First Am. Compl. at 50.)  Furthermore, even if the complaint could be construed as alleging a discriminatory animus based on Plaintiff Miguel Gutierrez belonging to a class of disabled persons, the Tenth Circuit does not recognize disabled persons as a class of persons protected under 42 U.S.C. § 1985(3).  *Wilhelm v. Cont'l Title Co.*, 720 F.2d 1173, 1176-77 (10th Cir. 1983); *McMullin v. Ashcroft*, 337 F.Supp.2d 1281, 1291-92 (D. Wyo. 2004).  Plaintiffs therefore cannot state a conspiracy claim against Defendant Burroughs under 42 U.S.C. § 1985(3).

Plaintiffs also bring a claim against Defendant Burroughs for failure to prevent civil rights violations under 42 U.S.C. § 1986.  Section 1986 provides a cause of action against "[e]very person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses [to do so] . . .".  42 U.S.C. § 1986.  Liability under § 1986 is derivative of § 1985 liability, and thus, if there is no violation of § 1985, there can be no violation of § 1986.  *See Grimes v. Smith*, 776 F.2d 1359, 1363 n.4 (7th Cir. 1985); *Wright v. No Skiter, Inc.*, 774 F.2d 422, 426 (10th Cir. 1985).

In this case, Plaintiffs cannot state a § 1985 claim against any of the Defendants, because they failed to allege facts showing a class-based invidiously discriminatory animus by any of the Defendants and disabled persons are not recognized as a protected class of persons under § 1985(3).  Moreover, the allegations against Defendant Burroughs that he filed and litigated a frivolous civil suit against Plaintiffs are insufficient to state a claim for violation of § 1986, because they do not show that Defendant Burroughs had knowledge that any conspiracy to commit civil rights violations existed that he had the power to prevent.  Accordingly, Defendant Burroughs' motion to dismiss the

11

§ 1986 claim against him should be granted.

### 3.    Fair Housing Act & Americans with Disabilities Act Claims

Defendant Burroughs argues that Plaintiffs' Fair Housing Act ("FHA") and Americans with Disabilities Act ("ADA") claims should be dismissed against him because an attorney merely representing a client cannot be liable for these claims.  Plaintiffs asserted generally that Defendant Burroughs violated "the Fair Housing Act and the Americans with Disabilities Act."  "Mere legal representation of a third party who allegedly violated plaintiff's fair housing rights, however, does not give rise to an actionable claim against defendants." *Zhu v. Fisher, Cavanaugh, Smith & Lemon, P.A.*, 151 F.Supp.2d 1254, 1259 (D. Kan. 2001) (dismissing FHA claim against law firm). Additionally, FHA and ADA claims require a plaintiff to allege a discriminatory motive.  *See id.* (FHA); *Pack v. Kmart Corp.*, 166 F.3d 1300, 1304 (10th Cir. 1999) (ADA).  As discussed *supra*, Plaintiffs do not assert sufficient facts to show that Defendant Burroughs filed and litigated the civil lawsuit against them because Plaintiff Miguel Gutierrez was disabled.  For these reasons, Plaintiffs' FHA and ADA claims against Defendant Burroughs should be dismissed.

### 4.    Malicious Abuse of Process

New Mexico combined the torts of abuse of process and malicious prosecution into a single tort: malicious abuse of process. *Devaney v. Thriftway Mktg. Corp.*, 124 N.M. 512, 518, 953 P.2d 277, 283 (1997).  "In restating the torts as a single cause of action, [the New Mexico Supreme Court] observed that they shared a common purpose of protecting a plaintiff who has been made the subject of legal process improperly, where the action was wrongfully brought by a defendant merely for the purpose of vexing or injuring the plaintiff, and resulting in damage to his or her personal rights." *Westar Mortgage Corp. v. Jackson*, 133 N.M. 114, 119, 61 P.3d 823, 828 (2002) (internal citations omitted).  The tort of malicious abuse of process must nonetheless be construed narrowly

12

to protect the right of access to the courts.  *DeVaney,* 124 N.M. at 519, 953 P.2d at 284.

> The following are the elements of malicious abuse of process:
>
> (1) the initiation of judicial proceedings against the plaintiff by the defendant; (2) an act by the defendant in the use of process other than such as would be proper in the regular prosecution of the claim; (3) a primary motive by the defendant in misusing the process to accomplish an illegitimate end; and (4) damages.

*Id.*  There are two independent ways a plaintiff may prove the second element:  (1) by demonstrating that the defendant filed the action against the plaintiff without probable cause, or (2) by showing some "irregularity or impropriety suggesting extortion, delay, or harassment," such as a procedural irregularity.  *DeVaney,* 124 N.M. at 520, 953 P.2d at 285.  "The lack of probable cause must be manifest."  *Id.*

Plaintiffs' malicious abuse of process claim should be dismissed against Defendant Burroughs because they cannot demonstrate that his use of process was improper.  The basis of this claim is that Defendant Burroughs filed and litigated the civil case against them, filed contempt charges against them, and filed a lien and a writ to recover attorney's fees against them.  The Amended Complaint itself states that the state judge granted a preliminary injunction against Plaintiffs in the civil case, demonstrating that Defendant Burroughs had probable cause to file and litigate the civil lawsuit.  (First Am. Compl. at 60.)  Additionally, Plaintiffs admit in their response that the state court found merit to the contempt charge.  (Pl.'s Resp. (Doc. 113) at 7; Pl.'s Resp. (Doc. 120) at 6.)  Plaintiffs further admit that the state court judge awarded attorney's fees to Defendant Burroughs' clients and authorized a lien on Plaintiffs' property.  (Pl.'s Resp. (Doc. 113) at 8; Pl.'s Resp. (Doc. 120) at 15.)  Accordingly, Plaintiffs' own Amended Complaint and admissions demonstrate that there was probable cause to initiate the civil proceedings, to file the contempt charge, and to file a lien and writ to recover attorney's fees.  Because Plaintiffs cannot

show an improper use of process against Defendant Burroughs, their malicious abuse of process claim must be dismissed.  *See DeVaney,* 124 N.M. at 520, 953 P.2d at 285.  ("[T]he filing of a proper complaint with probable cause and without any overt misuse of process, will not subject a litigant to liability for malicious abuse of process, even if it is the result of a malicious motive.").

5.      **Intentional Infliction of Emotional Distress and Outrage**[4]

To establish a claim for intentional infliction of emotional distress under New Mexico law, the plaintiff must show that (1) the defendant's conduct was extreme and outrageous under the circumstances; (2) the defendant acted intentionally or in reckless disregard for the plaintiff; (3) the plaintiff experienced extreme and severe emotional distress; and (4) there is a causal connection between the defendant's conduct and the plaintiff's mental distress.  *Trujillo v. N. Rio Arriba Elec. Co-op, Inc.*, 131 N.M. 607, 616, 41 P.3d 333, 342 (2002).  The New Mexico Court of Appeals recognized that the judiciary must set the threshold of outrageousness high enough that the social good from recognizing the tort will not be outweighed by unseemly and invasive litigation on meritless claims.  *Hakkila v. Hakkila*, 112 N.M. 172, 178, 812 P.2d 1320, 1326 (Ct. App. 1991).  The New Mexico courts have held that liability only arises where the conduct is so extreme and outrageous as to go beyond all possible bounds of decency and be regarded as atrocious and utterly intolerable in a civilized community.  *See Trujillo*, 131 N.M. at 616, 41 P.3d at 342; *Dominguez v. Stone*, 97 N.M. 211, 214, 638 P.2d 423, 426 (Ct. App. 1981).  As a threshold matter, the trial court must determine as a matter of law whether the conduct reasonably may be regarded as so extreme and outrageous that it will permit recovery under the tort.  *Trujillo*, 131 N.M. at 617, 41 P.3d at 343.

---

[4]The tort of outrage and the tort of intentional infliction of emotional distress are one and the same.  *See Stock v. Grantham*, 125 N.M. 564, 574, 964 P.2d 125, 135 (Ct. App. 1998).  The Court will thus hereinafter refer to the tort as the tort of intentional infliction of emotional distress.

In addition, the emotional distress suffered by the plaintiff must have been reasonable and justified under the circumstances. *Dominguez*, 97 N.M. at 215, 638 P.2d at 427. There is no liability where the plaintiff suffered exaggerated and unreasonable distress, unless it results from a peculiar susceptibility of which the defendant had knowledge. *Id.* The "severe" distress must be such that a reasonable person would be unable to cope adequately with the mental distress resulting from the conduct. *Trujillo*, 131 N.M. at 617, 41 P.3d at 343.

Defendant Burroughs contends that Plaintiffs' claims for intentional infliction of emotional distress and outrage should be dismissed for failure to allege outrageous behavior. The Court agrees. The conduct of Defendant Burroughs, of which Plaintiffs complain, arises from his representation of his clients in a civil suit against Plaintiffs. Although Plaintiffs allege that the suit was frivolous, Plaintiffs' own complaint and admissions belie that allegation, as they assert that the state judge granted a preliminary injunction against Plaintiffs, attorney's fees for Defendant Burroughs, and a lien and writ to recover attorney's fees. The allegations of the Amended Complaint are insufficient as a matter of law to demonstrate extreme and outrageous conduct or severe and reasonable emotional distress.

### 6.    Trespass

A trespass occurs when a person enters upon the land of another without authority to do so. *See North v. Pub. Serv. Co. of N. M.*, 94 N.M. 246, 247, 608 P.2d 1128, 1129 (1980). Plaintiffs do not allege that Defendant Burroughs entered their property. Indeed, Plaintiffs admit that Defendant Burroughs did not physically enter their land himself, but they nonetheless argue that he should be liable because "his advice clearly violates all the laws and acts in the complaint." (Pl.'s Resp. (Doc. 120) at 16.) This argument is without merit. The giving of mere legal advice to a client does not make an attorney liable for any trespass committed by his clients. Because Defendant Burroughs

15

did not physically enter upon Plaintiffs' land, he cannot be liable for trespass.

In sum, Plaintiffs have failed to state any valid claim against Defendant Burroughs, and thus, Defendant Burroughs' motion to dismiss should be granted in its entirety.

### C.    Defendant United States' Motion to Dismiss

Defendant United States argues that Plaintiffs' claims against Dr. Afridi must be dismissed for lack of subject matter jurisdiction, because Plaintiffs have failed to exhaust their administrative remedies under the FTCA.  In response, Plaintiffs admit that they "cannot oppose this motion" because they were not aware that their claims fell under the FTCA.  Plaintiffs assert that they will present their administrative claim to the appropriate federal agency and request that, if their administrative claim is denied, that they be allowed to reinstate their claims in this case.

The tort claims against Defendant United States can only be brought in accordance with the FTCA.  *See* 28 U.S.C. § 2679(b)(1).[5]  Plaintiffs do not dispute that their claims against the United States should be dismissed for failing to exhaust their administrative remedies.  Accordingly, Plaintiffs' claims against Defendant United States are dismissed without prejudice for lack of subject matter jurisdiction based on their failure to exhaust their administrative remedies.  *See* 28 U.S.C. § 2675(a); *Indus. Constructors Corp. v. U. S. Bureau of Reclamation*, 15 F.3d 963, 967 (10th Cir. 1994).  Plaintiffs' request to reinstate their claims in this case against Defendant United States in the event their administrative claims are denied,  is not ripe, because Plaintiffs have not yet exhausted their administrative remedies.  Plaintiffs' request is, therefore, denied for lack of jurisdiction and ripeness.

---

[5] To the extent that Plaintiffs' claims against Dr. Afridi could be construed as constitutional claims, those claims are also subject to the FTCA, which provides the exclusive remedy for claims "resulting from the performance of medical . . . or related functions."  *See Cuoco v. Moritsugu*, 222 F.3d 99, 107 (2d Cir.2000).

16

**WHEREFORE, IT IS ORDERED** that:

1.      Defendant Nelson's Motion to Quash Service of Process (Doc. 92) is **GRANTED**;

2.      Defendant Burroughs' Motion to Dismiss (Doc. 97) is **GRANTED**, and Plaintiffs' claims against Defendant Burroughs are **DISMISSED WITH PREJUDICE**;

3.      Defendant United States' Motion to Dismiss Plaintiffs' Amended Complaint and Memorandum in Support (Doc. 102) is **GRANTED**, and Plaintiffs' claims against the United States are **DISMISSED WITHOUT PREJUDICE**; and

4.      Plaintiffs' request to reinstate their claims in this case against Defendant United States in the event Plaintiffs' administrative claims are denied is **DENIED** at this time.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**