IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MIGUEL AND INGA GUTIERREZ,

      Plaintiffs,

vs.                                                                                                     No. CIV 06-0937 RB/WPL

THOMAS SCHWANDER, et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court sua sponte under Fed. R. Civ. P. 12(b)(6). The Court may dismiss a claim sua sponte for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Servs.*, 925 F.2d 363, 365 (10th Cir. 1991)). "A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." Hall, 935 F.2d at 1109. Having reviewed Plaintiffs' *pro se* complaint liberally, the Court finds that certain of Plaintiffs' federal claims should be dismissed for failure to state a claim upon which relief can be granted.

**I.    Background.**

On February 12, 2007, Plaintiffs filed a first amended complaint ("Amended Complaint"). (Doc. 83.) The Amended Complaint contains seventy-seven pages, names thirty-three defendants, and asserts various federal civil rights and supplemental state-law claims. The numerous claims appear to arise out of a dispute concerning the use by neighbors and others of a purported easement through Plaintiffs' property to Bureau of Land Management ("BLM") land. Plaintiffs deny that such

an easement exists and allege, generally, that Defendants "began a systematic physical invasion, invasion of privacy, physical attacks and filing criminal charges by false affirmations and statements" in order "to accomplish an illegitimate means to drive the Plaintiffs out of their property violating the Plaintiffs' civil rights." (Am. Compl. at 12.)

## II.     Standard.

As pro se litigants, Plaintiffs are entitled to a liberal reading of their pleadings and their submissions are held to a less stringent standard than applied to those drafted by lawyers. *Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). The Court may not take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quotation omitted). Pro se litigants must follow the same rules of procedure that govern other litigants. *Id*.

## III.    Discussion.

### A.     Defendants Brian Nelson, Jr., and DeWayne Fritz

Plaintiffs' claims against Defendant Brian Nelson, Jr., ("Defendant Nelson") and Defendant DeWayne Fritz ("Defendant Fritz") must be dismissed. Plaintiffs list both Defendant Nelson and Defendant Fritz in the caption in which they assert multiple federal and state claims against various defendants. (*See* Am. Compl. at 66.) Plaintiffs, however, allege very few facts particular to either Defendant Nelson or Defendant Fritz. The only factual allegations in the Amended Complaint as to Defendant Nelson are that he is a citizen of Alamogordo, New Mexico; he is employed as a realtor at Coldwell Banker Sudderth Nelson; and he committed perjury or made false statements under oath in multiple trials. (*See id.* at 4, 73.) Similarly, the only factual allegations against Defendant Fritz are that he is a citizen of Yuma, Arizona; he is employed by the federal government as a civilian employee; and he committed perjury or made false statements under oath in multiple

trials. (*See id.* at 4, 73.) Although Plaintiffs have listed Defendant Nelson in two captions and Defendant Fritz in one caption, Plaintiffs neglected to allege any facts concerning Defendant Nelson's and Defendant Fritz's actions regarding the incidents described under the respective captions. (*See id.* at 34, 37.)

The bare factual allegations against Defendant Nelson and Defendant Fritz are insufficient as a matter of law to support any of the federal or state claims against them. Perjury by a witness in previous litigation is not actionable in a civil case. *See*, *e.g.*, *Frist v. Gallant*, 240 F.Supp. 827, 828 (D.C.S.C. 1965); *Hokanson v. Lichtor*, 626 P.2d 214, 219-21(Kan. App. 1981); J.H. Crabb, Annotation, *Testimony of Witness as Basis of Civil Action for Damages*, 54 A.L.R.2d 1298, § 7 (1957) (and cases cited therein). Nor do the allegations support a claim for malicious abuse of process because there is no allegation that Defendant Nelson or Defendant Fritz initiated any of the "multiple trials." *See Devaney v. Thriftway Marketing Corp.*, 124 N.M. 512, 519, 953 P.2d 277, 284 (1997) (listing initiation of judicial proceedings against plaintiff by defendant as element of malicious abuse of process claim).

The Court recognizes that Plaintiffs make numerous allegations against "Defendants" generally, but these conclusory allegations cannot save Plaintiffs' claims in the absence of specific factual allegations that would give Defendants Nelson and Fritz notice of what actions they must defend. *See Hall*, 935 F.2d at 1110 (plaintiff has burden of alleging sufficient facts on which recognized legal claim could be based). Accordingly, all Plaintiffs' claims against Defendant Nelson and Defendant Fritz must be dismissed for failure to state a claim.

### B. Defendant Mary Alice Quick

Plaintiffs' multiple federal and state law claims against Defendant Mary Alice Quick ("Defendant Mary Quick") must also be dismissed for failure to state a claim. The only allegations

as to Defendant Mary Quick are that she is a citizen of La Luz, New Mexico; her employment status is unknown; and she continually called the BLM about access to BLM land across Plaintiffs' property. (Am. Compl. at 5, 18-19.) These allegations are insufficient as a matter of law to state any federal or state cause of action against her. Consequently, all of Plaintiffs' claims against Defendant Mary Quick must be dismissed for failure to state a claim.

### C. Defendants George and Marlene Clark

Plaintiffs have similarly failed to state any federal or state claim against either Defendant George or Marlene Clark. Plaintiffs allege that George Clark is a citizen of La Luz and his employment status is unknown. (Am. Compl. at 9.) Plaintiffs assert that Marlene Clark is a citizen of La Luz; she is employed as a nurse; and on April 30, 2004, she approached Plaintiffs, identified herself as a neighbor, and asked Plaintiffs not to shoot her dogs. (*Id.* at 9, 14.) Finally, Plaintiffs allege that George and Marlene Clark were invited to Joan Brumage's home on June 11, 2005, and at that time, they glowered at Plaintiffs; on August 6, 2006, George and Marlene Clark were again at Joan Brumage's house; and on October 14, 2006, they attended a neighborhood meeting. (*Id.* at 33, 42, 47-48.) These allegations are simply insufficient to state any federal or state claim against Defendants George and Marlene Clark, and thus, all Plaintiffs' claims against them should be dismissed.

### D. Defendants John and Patricia O'Donnell

All Plaintiffs' claims against Defendants John and Patricia O'Donnell must also be dismissed for failure to state any claim. Plaintiffs allege that John and Patricia O'Donnell are citizens of La Luz, New Mexico; their employment status is unknown; on June 11, 2005, Patricia O'Donnell was invited to Joan Brumage's home and, at that time, she glowered at Plaintiffs; on August 6, 2006, Patricia O'Donnell was again at Joan Brumage's house; and on October 14, 2006, Patricia

O'Donnell attended a neighborhood meeting. (Am. Compl. at 9, 33, 42, 47-48.) These allegations are insufficient to state any federal or state cause of action against Defendants John and Patricia O'Donnell as a matter of law, and thus, all Plaintiffs' claims against them should be dismissed.

### E. Section 1983 Claims

Section 1983 creates a claim against a person "who, under color of any statute, ordinance, regulation, custom, or usage, of any State" deprived another of his federal constitutional or statutory rights. 42 U.S.C. § 1983. The meaning of "under color" of law has consistently been treated as the same thing as "state action" under the Fourteenth Amendment. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982) (quoting *United States v. Price*, 383 U.S. 787, 794, n.7 (1966)). A person acts under color of law if their actions can fairly be attributable to the State. *Id.*

In the Amended Complaint, Plaintiffs pose the following question regarding each defendant named as a party: "At the time the claim(s) alleged in this complaint arose, was the defendant acting under the color of law?" (Am. Compl. at 3-11.) Plaintiffs expressly assert that the following defendants were not acting under color of law: Kerrin Schwander, John Gordon, Elizabeth Gordon, Phillip Simpson, Mark Bollinger, Brian Nelson, Jr., Dewayne Fritz, Wilford Quick, Ma ry Quick, Brenda Rogers, Joan Brumage, George Clark, Marlene Clark, John O'Donnell, Patricia O'Donnell, and the Lower Cottonwood Trail Maintenance Fund. (*See id.*) Because Plaintiffs have specifically asserted that these Defendants were not acting under color of law, Plaintiffs' § 1983 claims must be dismissed as to these Defendants.[1]

---

[1] Plaintiffs allege generally that "defendants" conspired with certain state law enforcement officers to violate the constitutional rights of Plaintiffs. (*See*, *e.g.*, Am. Compl. at 8, 12.) These conclusory and general allegations, however, are insufficient to state a § 1983 claim against the aforementioned Defendants, because Plaintiffs specifically assert that these Defendants did not act under color of law.

**F.     Section 1985 and 1986 Claims**

To state a claim under 42 U.S.C. § 1985(3)[2], a plaintiff must establish (1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom. *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993). The courts have clarified, however, that § 1985(3) only applies "to conspiracies motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus.'" *Id.* (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 101-02 (1971)). The class-based animus language has been narrowly construed. *Id.*

Although Plaintiffs allege in the Amended Complaint that Defendants knew "the Plaintiffs to be a protected and vulnerable class," Plaintiffs do not allege what the protected and vulnerable class is. The closest the complaint comes to pointing to a protected class are the bare allegations that Plaintiff Miguel Gutierrez is totally disabled and that Defendants violated the Americans with Disabilities Act. Even if the complaint could be construed as alleging a discriminatory animus based on Plaintiff Miguel Gutierrez belonging to a class of disabled persons, the Tenth Circuit does not recognize disabled persons as a class of persons protected under 42 U.S.C. § 1985(3). *Wilhelm v. Continental Title Co.*, 720 F.2d 1173, 1176-77 (10th Cir. 1983); *McMullin v. Ashcroft*, 337 F.Supp.2d 1281, 1291-92 (D.Wyo. 2004). Plaintiffs, therefore, cannot state a conspiracy claim against any of the defendants under 42 U.S.C. § 1985(3).

Section 1986 provides a cause of action against "[e]very person who, having knowledge that

---

[2] Plaintiffs assert a claim generally under "Title 42 U.S.C. Section 1985 Depriving persons of rights or privileges." Based on Plaintiffs' allegations, the Amended Complaint appears only to implicate § 1985(3). To the extent their claims can be construed as § 1985(2) claims under the conspiracy to obstruct justice clause or the conspiracy to injure a person or his property for enforcing rights clause, those claims must also be dismissed for failure to state a class-based invidiously discriminatory animus. *See Howell v. Koch*, 69 F.3d 548, *5 (10th Cir. 1995) (unpublished decision) (clauses C and D of § 1985(2) require that conspiracy be class-based).

any of the wrongs conspired to be done, and mentioned in Section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do." 42 U.S.C. § 1986. Liability under § 1986 is derivative of § 1985 liability, and thus, if there is no violation of § 1985, there can be no violation of § 1986. *See Grimes v. Smith*, 776 F.2d 1359, 1363 n.4 (7th Cir. 1985); *Wright v. No Skiter, Inc.*, 774 F.2d 422, 426 (10th Cir. 1985). In this case, Plaintiffs cannot state a § 1985 claim against any of the defendants, because disabled persons are not recognized as a protected class of persons under § 1985(3). Both Plaintiffs' § 1985 and § 1986 claims, therefore, must be dismissed as to every defendant.

### G.     Americans with Disabilities Act

Plaintiffs allege a violation of the Americans with Disabilities Act ("ADA") against a number of private citizens: Defendants Thomas Schwander, Kerrin Schwander, John Gordon, Elizabeth Gordon, Mark Bollinger, Brian Nelson, Jr., Dewayne Fritz, Wilford Quick, Mary Quick, Brenda Rogers, Joan Brumage, George Clark, Marlene Clark, Patricia O'Donnell, and the Lower Cottonwood Trail Maintenance Fund (collectively, the "private citizen defendants").[3] (*See* Am. Compl. at 66-67.) Although Plaintiffs neglected to specifically allege the theory of liability under the ADA to give Defendants notice of what they must defend, the Court nevertheless has considered whether Plaintiffs can state a cause of action under each of the three Titles of the ADA.

Title I of the ADA applies in the employment context: "No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C.

---

[3] Defendants Phillip Simpson and John O'Donnell are also private citizen defendants; however, Plaintiffs did not allege any federal claims against them.

§ 12112(a). The ADA defines a "covered entity" as "an employer, employment agency, labor organization, or joint labor-management committee." *Id.* § 12111(2). Based on the allegations in the complaint, none of the defendants qualify as a "covered entity" within the meaning of the statute. Accordingly, any ADA claim asserted under Title I must be dismissed as to all defendants. *See Riggs v. CUNA Mut. Ins. Society*, 171 F.Supp.2d 1210, 1214 (D.Kan. 2001) (dismissing plaintiff's claim under Title I of the ADA because allegations failed to establish that defendant qualified as "covered entity").

Title II of the ADA applies to public services: "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Based on the allegations in the complaint, none of the private citizen defendants can remotely be construed as constituting a "public entity" within the meaning of the statute. *See id.* § 12131(1) (defining "public entity" as a State or local government; any department, agency, special purpose district, or other instrumentality of a State or States or local government; and the National Railroad Passenger Corporation, and any commuter authority). It is, therefore, patently obvious that Plaintiffs failed to state a claim under Title II of the ADA against the private citizen defendants. *See Riggs*, 171 F.Supp.2d at 1214-15 (dismissing claim under Title II of ADA for failing to allege sufficient facts to show that defendant qualifies as "public entity").

Title III of the ADA applies to public accommodations and services operated by private entities: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Once again, the allegations of the Amended

8

Complaint fail to establish that any of the defendants qualify as a person who owns, leases, or operates a place of public accommodation within the meaning of the statute. *See id.* § 12181(7) (defining "public accommodation").

Therefore, Plaintiffs' claims under Title I and Title III of the ADA must be dismissed as to all Defendants. Plaintiffs' claims under Title II of the ADA must also be dismissed as to Defendants Thomas Schwander, Kerrin Schwander, John Gordon, Elizabeth Gordon, Mark Bollinger, Brian Nelson, Jr., Dewayne Fritz, Wilford Quick, Mary Quick, Brenda Rogers, Joan Brumage, George Clark, Marlene Clark, Patricia O'Donnell, and the Lower Cottonwood Trail Maintenance Fund.

**H.     Fair Housing Act**

In addition, Plaintiffs allege, generally, that all Defendants violated the Fair Housing Act ("FHA"). Plaintiffs contend that Defendants' actions "constitute extortion to try and force the Plaintiffs to give up their rights and their property" through "force, arrest, intimidation, perjury, and psychological terror on the Plaintiffs." (Am. Compl. at 67.) Based on the allegations, it appears that Plaintiffs are attempting to assert a violation of § 3617 of the FHA.

Section 3617 provides: "It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of . . . any right granted or protected by Section 3603, 3604, 3605, or 3606 of this title." 42 U.S.C. § 3617. Section 3603 contains definitions and exemptions; Section 3604 prohibits discrimination in the sale or rental of housing and certain practices related thereto; Section 3605 prohibits discrimination in residential real estate-related transactions; and Section 3606 prohibits discrimination in the provision of brokerage services. *Id.* §§ 3603-3606. Among other things, to show a violation of § 3617, a plaintiff must sufficiently allege unlawful discrimination. *See Zhu v. Countrywide Realty Co.*, 165 F.Supp.2d 1181, 1196 (D. Kan. 2001) (element of § 3617 claim is that defendant's conduct was motivated by intentional discrimination

9

at least in part); *United States v. Weisz*, 914 F.Supp. 1050, 1054-55 (S.D.N.Y. 1996).

The only factual allegation in the Amended Complaint suggesting a discriminatory animus is that Defendant John Blansett, the Sheriff of the Otero County Sheriff's Office, issued a policy statement regarding treating Plaintiffs differently due to Miguel Gutierrez's disability. (Am. Compl. at 5.) It is a close call as to whether this allegation is sufficient to state a claim against Defendant Blansett, given its relatively conclusory nature. Because the Court may only dismiss a claim sua sponte when it is "patently obvious" that the plaintiff cannot prevail, *Hall v. Bellmon*, 935 F.2d at 1110, the Court will not dismiss the FHA claim against Defendant John Blansett and the Otero County Sheriff's Office at this time.

As to the remaining Defendants, however, it is "patently obvious" that Plaintiffs failed to allege sufficient facts to state a claim under the FHA, because the allegations bearing on Mr. Gutierrez's disability do not support an inference of discriminatory animus. Plaintiffs' allegation that John Gordon referred to Miguel Gutierrez as a welfare recipient and told him he was going to prove that Mr. Gutierrez was not disabled cannot support an FHA claim. (*See* Am. Compl. at 19).

These allegations indicate that John Gordon did not believe Mr. Gutierrez to be disabled and that he was upset with Mr. Gutierrez for faking a disability, rather than for being disabled. Furthermore, the allegations that Miguel Gutierrez is totally disabled, that the Sheriff's Office disclosed Miguel Gutierrez's disabilities to the public, and that Defendants knew him to be disabled also do not support an inference of discriminatory intent.

Mere knowledge of a disability does not indicate discriminatory animus based on the disability. Finally, the assertion that Thomas Schwander initiated a policy by the local law enforcement to treat Plaintiff Miguel Gutierrez differently due to his disability is too conclusory to support a claim where the factual, non-conclusory allegations in the complaint reveal that the dispute

10

between Plaintiffs and Thomas Schwander, the other neighbors, bikers, law enforcement, and other defendants arose over the use of a disputed easement over Plaintiffs' property, not from Mr. Gutierrez's disability.

Plaintiffs specifically allege in the Amended Complaint that "defendants had constructed an illegal road through Plaintiffs' property with no easements and attempted to force the Plaintiffs to open it up to them through threats, harassment and other means." (Am. Compl. at 12.) Plaintiffs further state that Defendants harbored "an illegitimate animus to secure the Plaintiffs' property for their own use." *Id.* at 50. The Amended Complaint repeatedly asserts that the alleged threats and harassment concerned arguments over Plaintiffs fencing their property, Plaintiffs blocking access to BLM land, and the neighbors and bicyclists "trespassing" on Plaintiffs' land along the disputed easement. For example, the only allegations against Defendants Mark Bolinger and Philip Simpson relate to incidents in which they bicycled on the disputed easement. (*See id.* at 30.)

The specific conduct alleged by Plaintiffs reveal nothing more than a series of skirmishes and disputes between neighbors over the use of a road through Plaintiffs' property. Nothing in these factual allegations leads to an inference that the behavior of the remaining defendants was motivated by Mr. Gutierrez's disability. It is, therefore, patently obvious that the Amended Complaint fails to allege sufficient facts against the remaining defendants to establish that their conduct was directed toward Plaintiffs because of Mr. Gutierrez's handicap. *Cf. Wiltshire v. Dhanraj*, 421 F.Supp.2d 544, 555 (E.D.N.Y. 2005) (conclusory allegation that defendants discriminated against plaintiffs because they were minority buyers was insufficient to state FHA claim); *Weisz*, 914 F.Supp. at 1054-55 (conclusory allegation of discriminatory intent that tracked language of FHA was insufficient to state claim where specific conduct alleged showed nothing more than unfortunate war between neighbors). Consequently, Plaintiffs' FHA claims against all the defendants, except John Blansett

and the Otero County Sheriff's Office, must be dismissed sua sponte for failure to state a claim.

**WHEREFORE, IT IS ORDERED** that:

1. All claims against Defendants Brian Nelson, Jr., DeWayne Fritz, Mary Quick, George Clark, Marlene Clark, John O'Donnell, and Patricia O'Donnell are **DISMISSED**;

2. Plaintiffs' claims brought under 42 U.S.C. § 1983 are **DISMISSED** as to Defendants Kerrin Schwander, John Gordon, Elizabeth Gordon, Phillip Simpson, Mark Bollinger, Brian Nelson, Jr., Dewayne Fritz, Wilford Quick, Mary Quick, Brenda Rogers, Joan Brumage, George Clark, Marlene Clark, John O'Donnell, Patricia O'Donnell, and the Lower Cottonwood Trail Maintenance Fund;

3. Plaintiffs' claims brought under 42 U.S.C. §§ 1985 & 1986 are **DISMISSED** as to all Defendants;

4. Plaintiffs' claims brought under Title I and Title III of the ADA are **DISMISSED** as to all Defendants. Plaintiffs' claims brought under Title II of the ADA are also **DISMISSED** as to Defendants Thomas Schwander, Kerrin Schwander, John Gordon, Elizabeth Gordon, Mark Bollinger, Brian Nelson, Jr., Dewayne Fritz, Wilford Quick, Mary Quick, Brenda Rogers, Joan Brumage, George Clark, Marlene Clark, Patricia O'Donnell, and the Lower Cottonwood Trail Maintenance Fund; and

5. Plaintiffs' claims brought under the FHA are **DISMISSED** as to all Defendants, except John Blansett and the Otero County Sheriff's Office.

_/s/ Robert Brack_
_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**