UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MIGUEL and INGA GUTIERREZ,

    Plaintiffs,

vs.                                        No. CIV 06-0937 RB/WPL

THOMAS SCHWANDER, an individual acting
in conspiracy with those acting under the color of
state law, KERRIN SCHWANDER, JOHN S. GORDON,
ELIZABETH A. GORDON, MARK BOLINGER,
PHILLIP SIMPSON, WILFORD (RAY) QUICK,
BRENDA ROGERS, OTERO COUNTY SHERIFF'S OFFICE,
SHERIFF JOHN BLANSETT, in his individual capacities, acting
under color of state law, DAVID HENLEY, undersheriff in his
individual capacities, acting under color of state law, CAPTAIN
NORBERT SANCHEZ, in his individual capacities, acting under
color of state law, SGT. TOM SKIPWORTH, in his individual
capacities, acting under color of state law, DEPUTY FRANK
BRIETBACH, in his individual capacities, acting under color of
state law, DEPUTY ALFONSO GUTIERREZ, in his individual
capacities, acting under color of state law, DEPUTY STEVE ODOM,
in his individual capacities, acting under color of state law, DEPUTY
DANIEL ESTRADA, in his individual capacities, acting under
color of state law, DEPUTY CHARLES WOLF, in his individual
capacities, acting under color of state law, NM STATE POLICE
OFFICER MARK DAVIS, in his individual capacities, acting under
color of state law, JOAN BRUMAGE, 12th JUDICIAL DISTRICT
ATTORNEY'S OFFICE in their official capacities, OTERO COUNTY
BOARD OF COUNTY COMMISSIONERS, in their official capacities,
LISW PAIGE VISCARRA in her individual capacities, acting under
the color of state law,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiffs Miguel and Inga Gutierrez's Motion for Reconsideration of the Court's two June 8, 2007 Opinions and Orders, filed July 2, 2007 [Doc. 128]. Plaintiffs request that they be allowed to amend their amended complaint with additional facts

and also contend that the Court erred in dismissing certain parties and causes of action. The Court has carefully considered the parties' arguments, the record, and the relevant law. The Court will allow the Plaintiffs to amend their complaint and, as discussed below, will grant the motion in part and deny it in part.

## I.  Applicable standards.

Because the Plaintiffs did not file their motion for reconsideration within ten days of the filing of the Court's two June 8 Orders, the Defendants all argue that the Court must apply the standards found in Rule 60(b) of the FEDERAL RULES OF CIVIL PROCEDURE to the Plaintiffs' motion. Tenth Circuit case law is clear, however, that Court may reconsider its interlocutory judgments without applying either rule 59(e) or rule 60(b) of the FEDERAL RULES OF CIVIL PROCEDURE.

"[E]very order short of a final decree is subject to reopening at the discretion of the district judge." *Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005) (internal quotation marks omitted). Consistent with FED. R. CIV. P. 54(b), a motion for reconsideration filed prior to final judgment is "nothing more than an interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment." *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n.1 (10th Cir. 1991). The Tenth Circuit has held that Rule 60(b) applies only to post-final-judgment motions; it does not apply to reconsideration of interlocutory orders and judgments. *See Raytheon Constructors Inc. v. ASARCO Inc.*, 368 F.3d 1214, 1217 (10th Cir. 2003) (holding that "[t]he district court was incorrect to treat [an interlocutory] motion for reconsideration under Rule 60(b), which only applies to final orders or judgments"). The Court is, therefore, not bound by the stringent standards for considering a Rule 60(b) motion.

Instead, because the Court's review and dismissal of certain parties and claims was *sua*

2

*sponte*, the Court must give the Plaintiffs an opportunity to amend their complaint as to those parties and claims unless to do so would be futile. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[T]he [pro se] plaintiff whose factual allegations are close to stating a claim but are missing some important element that may not have occurred to him, should be allowed to amend his complaint.").

II.   **Discussion.**

### A. Defendants Brian Nelson, Jr. and DeWayne Fritz.

The Court dismissed all claims against these two defendants because the Plaintiffs again failed to allege any facts demonstrating their actual participation in any of the federal or state claims despite the Court's previous order instructing them to file an amended complaint that complied with Rule 8(a) by February 5, 2007. *See* Doc. 127 at 2-3, 12; Doc. 82 at 6. "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). In their motion for reconsideration, the Plaintiffs contend that Nelson and Fritz are bicyclists who trespassed on their property and "orchestrated and [sic] unprovoked attack" on them, "causing serious injury" to Inga and injuring Miguel. These allegations do state state-law claims for trespass and battery.

The Court previously quashed service on Defendant Nelson, however, because he has never been served with the original or amended complaints. *See* Doc. 126 at 6. The Court reminded the Plaintiffs that they had only 120 days from the date they filed the amended complaint to serve Nelson or he could be dismissed as a defendant. *See id.* The record still does not show, and the Plaintiffs do not allege, that they have ever served Defendant Nelson. Instead, the Plaintiffs request

3

an extension of time in which to serve him. The Court concludes that the Plaintiffs should be given ten days to amend their complaint after the filing of this order to allege specific facts that will state claims against these two defendants, and that the Plaintiffs must serve the Defendants with the amended complaint within ten days of the filing of their second amended complaint.

The Plaintiffs also contend that claims should not have been dismissed against Mark Bolinger, who they contend was also involved in trespassing and attacking them. *See* Doc. 128 at 5-6. The Court did not, however, dismiss the state-law claims for trespass against Bolinger, but notes that the amended complaint does not specifically allege that Bolinger struck Miguel. *See* Am. Compl. at 30, ¶ 80. Insofar as the Plaintiffs now contend that Bolinger also committed battery, they must amend their complaint to specifically allege that conduct.

**B. Defendants Mary Alice Quick, George and Marlene Clark, Patricia O'Donnell, F. Randolph Burroughs, Lower Cottonwood Trail Maintenance Fund.**

The Plaintiffs have not alleged any additional facts to indicate that Defendants Quick, Clark, or O'Donnell personally participated in any tort or constitutional or statutory violation alleged in the complaint. The Plaintiffs have not made any cogent legal arguments demonstrating that the Court erred in dismissing Burroughs or the Lower Cottonwood Trail Maintenance Fund as defendants for failure to state a claim against them. The Court will not modify its order dismissing these defendants from suit.

**C. Claims brought against private citizens under § 1983; claims brought under §§ 1985 and 1986; claims brought under Titles I and III of the Americans with Disabilities Act; and claims brought under the Fair Housing Act against the private citizens.**

Similarly, the Plaintiffs have made no cogent legal arguments, and do not allege additional facts, that will support claims the Court has dismissed under §§ 1983, 1985, 1986, the ADA, or the

4

FHA. Although the Plaintiffs now allege that they are also protected because of Inga's status as a female and Miguel's status as an Hispanic, nothing in the amended complaint or in their motion for reconsideration indicates that being female or Hispanic had anything to do with the alleged constitutional or statutory violations. Allowing amendment of their complaint with these facts, therefore, is futile.

It appears that the Plaintiffs misinterpret the Court's June 8 Orders dismissing certain claims and certain parties to mean that their whole cause of action has been dismissed and that they may appeal from that dismissal. *See* Doc. 128 at 11-12 (contending that "dismissal of the action [is] inappropriate" and asserting that, if the Court does not reconsider its orders, "this will certainly be a timely Notice of Appeal"). As the modified style of the case shows, not all of the Defendants have been dismissed, and the Court's orders clearly state which claims and causes of action have been dismissed. The Plaintiffs may not file an interlocutory appeal from these orders, but instead must wait until a final judgment has been entered in the case that disposes of all claims against all defendants. *See* FED. R. CIV. P. 54; FED. R. APP. P. 4; 28 U.S.C. § 1291; *Montgomery v. City of Ardmore*, 365 F.3d 926, 934 (10th Cir. 2004) (holding that an interlocutory order dismissing only certain claims, "was not a final appealable order and would have required certification under FED. R. CIV. P. 54(b) to be immediately appealable" and noting that the interlocutory "order of dismissal merged into the final judgment" so that a notice of appeal from the final order and judgment would be "sufficient to support review" of the earlier interlocutory order) (internal quotation marks omitted).

**WHEREFORE, IT IS ORDERED that:**

1. The motion for reconsideration [Doc. 128] is **GRANTED IN PART.** Plaintiffs are allowed ten days from the date this order is filed in which to file a second amended complaint

alleging facts against Defendants Nelson, Fritz, and Bolinger, and must properly serve the Defendants within ten days of filing the second amended complaint or the Court's June 8 order dismissing Nelson as a defendant will stand; and

    2. All other requests for reconsideration or modification in Doc. 128 are **DENIED.**

*J. Thomas Maite*
UNITED STATES DISTRICT JUDGE
Date: 11/6/07