UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MIGUEL and INGA GUTIERREZ,**

    **Plaintiffs,**

vs.                                        No. CIV 06-0937 RB/WPL

**THOMAS SCHWANDER, an individual acting in conspiracy with those acting under the color of state law, KERRIN SCHWANDER, JOHN S. GORDON, ELIZABETH A. GORDON, MARK BOLINGER, PHILLIP SIMPSON, WILFORD (RAY) QUICK, BRENDA ROGERS, OTERO COUNTY SHERIFF'S OFFICE, SHERIFF JOHN BLANSETT, in his individual capacities, acting under color of state law, DAVID HENLEY, undersheriff in his individual capacities, acting under color of state law, CAPTAIN NORBERT SANCHEZ, in his individual capacities, acting under color of state law, SGT. TOM SKIPWORTH, in his individual capacities, acting under color of state law, DEPUTY FRANK BRIETBACH, in his individual capacities, acting under color of state law, DEPUTY ALFONSO GUTIERREZ, in his individual capacities, acting under color of state law, DEPUTY STEVE ODOM, in his individual capacities, acting under color of state law, DEPUTY DANIEL ESTRADA, in his individual capacities, acting under color of state law, DEPUTY CHARLES WOLF, in his individual capacities, acting under color of state law, NM STATE POLICE OFFICER MARK DAVIS, in his individual capacities, acting under color of state law, JOAN BRUMAGE, 12th JUDICIAL DISTRICT ATTORNEY'S OFFICE in their official capacities, OTERO COUNTY BOARD OF COUNTY COMMISSIONERS, in their official capacities, LISW PAIGE VISCARRA in her individual capacities, acting under the color of state law,**

    **Defendants.**

**<u>MEMORANDUM OPINION AND ORDER</u>**

THIS MATTER comes before the Court on Defendant 12th Judicial District Attorney's

Office's (hereinafter referred to as the "Office") Motion to Dismiss the Second Amended Complaint,

filed on October 30, 2007. *See* Doc. 158; Doc. 193 (renewing motion to dismiss after second amended complaint was filed because allegations were identical to other complaints); Doc. 175 at 2 & n.1. The Defendant contends that all of the Plaintiffs' claims against it are barred for lack of subject-matter jurisdiction by Eleventh Amendment Immunity under Fed. R. Civ. P. 12(b)(1). As discussed below, the Court agrees and will dismiss all claims against the Office.

As the Defendant points out, the Plaintiffs' suit is for money damages and is against the Office in its "official capacity." *See* Doc. 168 at ¶ 33; Doc. 96 at 2, ¶ 4(H). Except for the Order allowing the Plaintiffs a very limited opportunity to file a second amended complaint, *see* Nov. 6, 2007 Order at 5-6 (Doc. 164) (allowing amendment solely to state specific claims against defendants Nelson, Fritz, and Bollinger), September 28, 2007 was the deadline for the Plaintiffs to "amend and join parties." *See* Doc. 150 at 1.

The Eleventh Amendment bars a suit for damages in federal court against a state, its agencies, and its officers acting in their official capacities. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Rozek v. Topolnicki, Jr.*, 865 F.2d 1154, 1158 (10th Cir. 1989) (holding that suit for damages under § 1983 against the Colorado Office of the District Attorney was barred by the Eleventh Amendment); *Meade v. Grubbs*, 841 F.2d 1512, 1525 (10th Cir. 1988) (holding that the Oklahoma Attorney General's Office was an arm of the state entitled to Eleventh-Amendment immunity). In New Mexico, district attorneys are state employees. *See* N.M. Stat. Ann. § 36-1A-2; § 36-1-28. They "prosecute and defend for the state," N.M. Stat. Ann. § 36-1-18, in the state judicial districts where they are elected. The New Mexico Supreme Court has long held that, under the New Mexico Constitution, "the district attorney is a part of the judicial system of the state. His duties, powers, and functions are dealt with under the head of 'judicial department.' He is a quasi judicial officer." *State ex rel. Ward v. Romero*, 125 P. 617, 620 (1912). Accordingly, the Plaintiffs'

claims against the Office must be dismissed.

Contrary to the Plaintiffs' contention that their suit may go forward under the exception set forth in *Ex Parte Young*, 209 U.S. 123 (1908), it is clear that their claims are against the Office for monetary damages and that their request for relief against this Defendant is not prospective.

**IT IS ORDERED** that the Defendant's Motion to Dismiss is GRANTED and all claims against the Defendant are dismissed as barred by the Eleventh Amendment.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**