UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MIGUEL and INGA GUTIERREZ,**

      **Plaintiffs,**

**vs.**                                                                      **No. CIV 06-0937 RB/WPL**

**THOMAS SCHWANDER, an individual acting
in conspiracy with those acting under the color of
state law, KERRIN SCHWANDER, JOHN S. GORDON,
ELIZABETH A. GORDON, MARK BOLINGER,
PHILLIP SIMPSON, WILFORD (RAY) QUICK,
BRENDA ROGERS, OTERO COUNTY SHERIFF'S OFFICE,
SHERIFF JOHN BLANSETT, in his individual capacities, acting
under color of state law, DAVID HENLEY, undersheriff in his
individual capacities, acting under color of state law, CAPTAIN
NORBERT SANCHEZ, in his individual capacities, acting under
color of state law, SGT. TOM SKIPWORTH, in his individual
capacities, acting under color of state law, DEPUTY FRANK
BRIETBACH, in his individual capacities, acting under color of
state law, DEPUTY ALFONSO GUTIERREZ, in his individual
capacities, acting under color of state law, DEPUTY STEVE ODOM,
in his individual capacities, acting under color of state law, DEPUTY
DANIEL ESTRADA, in his individual capacities, acting under
color of state law, DEPUTY CHARLES WOLF, in his individual
capacities, acting under color of state law, NM STATE POLICE
OFFICER MARK DAVIS, in his individual capacities, acting under
color of state law, JOAN BRUMAGE, 12th JUDICIAL DISTRICT
ATTORNEY'S OFFICE in their official capacities, OTERO COUNTY
BOARD OF COUNTY COMMISSIONERS, in their official capacities,
LISW PAIGE VISCARRA in her individual capacities, acting under
the color of state law,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant Paige Viscarra's  Motion to Dismiss

the Plaintiff's claims against her for failure to state a claim under 42 U.S.C. § 1983, *see* Doc. 251,

and on her Motion to Strike Plaintiff's Surreply, *see* Doc. 318.   Because the Court concludes that the Plaintiffs can state no facts showing that Viscarra is a state actor, the Court will grant the motion to dismiss.   The Court will deny the motion to strike the surreply but warns the Plaintiffs that all future surreplies that are filed without permission of the Court will be automatically stricken.

The Plaintiffs' second amended complaint alleges that, on April 6, 2005, Inga "had not slept in 4 days . . . had another blackout and took a few too many pills so she could sleep, not realizing what she was doing."  Doc. 168 ¶ 76.  Miguel took Inga to Gerald Champion Regional Medical Center (GCRMC) in Alamogordo, New Mexico when he found her "staggering from the back of the property, seeming to have had a nervous breakdown." *Id.*  Plaintiffs identify Viscarra as a "social worker" employed by GMRMC who was allegedly acting under color of state law because, on April 8, 2005 she "assisted Dr. Afridi in unlawfully detaining Inga Gutierrez against her will under threat of arrest by the city police, assisted by hospital security." *Id.* ¶ 37.  Plaintiffs allege that Viscarra "demanded [that Inga] be placed in a secure facility" for a psychiatric evaluation and that "Dr. Afridi stated he did not want to be sued so he joined along with LISW Paige" and that Dr. Afridi committed Inga for the evaluation. *Id.* ¶ 76.  The Plaintiffs allege that these actions violated § 1983 and that they also demonstrate a conspiracy between Dr. Afridi and Viscarra "to unlawfully detain and transport Plaintiff Inga without due process of the law and in total disregard for her rights and welfare." *Id.* ¶ 217.

A motion to dismiss brought under Rule 12(b)(6) should be granted

if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint does not contain 'enough facts to state a claim to relief that is plausible on its face.' " *Macarthur v. San Juan County*, 497 F.3d 1057, 2007 WL 2045456, at *5, 2007 U.S.App. LEXIS 17008, at *16 (10th Cir. 2007) (*quoting Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 1968-69, 167 L.Ed.2d 929 (2007)).  As we have explained this new standard for reviewing a motion to dismiss, "the mere metaphysical possibility that

> *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

*Anderson v. Suiters*, 499 F.3d 1228, 1232 (10th Cir. 2007) (emphasis in original).

"Under Section 1983, liability attaches only to conduct occurring 'under color of law.' Thus, the only proper defendants in a Section 1983 claim are those who represent the state in some capacity, whether they act in accordance with their authority or misuse it." *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995) (internal quotation marks and bracket omitted). If, as here, the defendant is not a state employee, the defendant may be said to be acting under color of state law only if the allegations in the complaint demonstrate at least one of four situations where the defendant's actions are deemed to be "fairly attributable to the State". *See id.* (internal quotation marks omitted). Here, the Plaintiffs argue that state action exists because Viscarra was assisting Dr. Afridi, and "Dr. Afridi being a government employee makes his actions attributable to the state and under color of law." Doc. 260 at 1.

The Court has already ruled, however, that Dr. Afridi was a federal, as opposed to a state, employee. *See* Doc. 126 at 2. Because there are no allegations that the State government in any way directed or motivated Viscarra's actions, her actions cannot be fairly attributed to the State. As Viscarra points out, the issue in this case is very similar to, and is controlled by, *Pino v. Higgs*, 75 F.3d 1461 (10th Cir. 1996). There, the Tenth Circuit held that, when a social worker/therapist who is not employed by the State provides information to a non-State-employed physician who makes the decision to commit an individual to a state mental hospital for an emergency psychiatric evaluation, and the individual is transported to the hospital by police officers, the social worker's conduct is not attributable to the state and none of the social worker's actions amount "to state action

or action under the color of state law for purposes of a § 1983 claim." 75 F.3d at 1465. Because Viscarra is not a state actor and nothing alleged in the second amended complaint gives rise to a conclusion that her actions were fairly attributable to the State, the § 1983 claim against Viscarra, including the conspiracy claim, must be dismissed and Viscarra must be dismissed as a defendant.[1]

**IT IS ORDERED** that Defendant Viscarra's Motion to Dismiss [Doc. 251] is GRANTED and all claims against her are dismissed with prejudice;

**IT IS FURTHER ORDERED** that Viscarra's Motion to Strike [Doc. 318] is DENIED and that Viscarra's other pending motions [Docs. 267, 324, and 337] are DENIED as moot.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**

---

[1] The Plaintiffs allude to a remedy for violations of New Mexico statutory provisions for involuntary emergency commitment in their unauthorized surreply, *see* Doc. 295 at 4, but the second amended complaint does not allege violation of those provisions and the Court will not grant yet another opportunity, at this stage in the proceedings, to again amend the complaint. The Court notes that, even if such an opportunity were given, the statutory provisions providing for a hearing and counsel in particular situations do not apply in this case where the record establishes that there was no hearing regarding the emergency transport order and where Inga was released three days after she arrived at the state mental hospital after having received the psychiatric evaluation she was sent there to obtain.