IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MIGUEL and INGA GUTIERREZ,**

    **Plaintiffs,**

vs.                                                                             No. CIV 06-0937 RB/WPL

**THOMAS SCHWANDER, et al.**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER
## DISMISSING BATTERY CLAIM AGAINST PHILIP SIMPSON

**THIS MATTER** comes before the Court on Defendant Philip Simpson's Motion to Dismiss Battery Claim Under Federal Rule of Civil Procedure 12(b)(6) (Doc. 215), filed on December 31, 2007. Jurisdiction arises under 28 U.S.C. §§ 1331 and 1367. Because the Court concludes that the pro se Plaintiffs have stated no facts in their second amended complaint showing that Simpson committed battery, the Court will grant the motion to dismiss.

**I.     Background.**

The Plaintiffs' second amended complaint describes Simpson as a bicyclist who "asked for permission to cross the Plaintiffs' property," and who "temporarily" received the requested permission. Doc. 168 ¶ 46. The second amended complaint states: "On May 15, 2005, multiple bicyclists raced through Plaintiffs' property striking Miguel in the back and yelling at the Plaintiffs to get out of their way. . . . Two of the trespassers were Phillip Simpson and Mark Bolinger who had been told repeatedly not to trespass." *Id.* ¶ 80. The only other factual paragraph mentioning Simpson also alleges only that he committed trespass. *See id.* at ¶ 98. The Plaintiffs list Simpson as a defendant in Count 1 of their second amended complaint for trespass. *See id.* at ¶ 269. But Simpson is not listed as a defendant either in Count 2 for Assault and Battery, or in Count 3 for

Injury to Person and Property, nor is his name included in the set of three names that precedes these three counts. Simpson seeks a ruling that the Plaintiffs have not stated a claim against him for battery.

## II.     Standard.

The Tenth Circuit has discussed the standard for granting a motion to dismiss, brought under Rule 12(b)(6), as follows:

> "We may uphold the grant of a motion to dismiss if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint does not contain 'enough facts to state a claim to relief that is plausible on its face.' " *Macarthur v. San Juan County*, 497 F.3d 1057, 2007 WL 2045456, at *5, 2007 U.S.App. LEXIS 17008, at *16 (10th Cir. 2007) (*quoting Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 1968-69, 167 L.Ed.2d 929 (2007)). As we have explained this new standard for reviewing a motion to dismiss, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

*Anderson v. Suiters*, 499 F.3d 1228, 1232 (10th Cir. 2007) (emphasis in original).

> This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them. "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." [*Twombly*, 127 S. Ct.] at 1965 n. 3. *See Airborne Beepers & Video, Inc. v. AT & T Mobility L.L.C.*, 499 F.3d 663, 667 (7th Cir. 2007) ("[A]t some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8."). The *Twombly* Court was particularly critical of complaints that "mentioned no specific time, place, or person involved in the alleged conspiracies." 127 S. Ct. at 1971 n. 10. Given such a complaint, "a defendant seeking to respond to plaintiffs' conclusory allegations . . . would have little idea where to begin." *Id.*

*Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir. 2008). Thus, in complex cases such as this one, in which numerous private and government actors are also sued in their individual capacities

2

for both § 1983 claims and state-law torts, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Id.* at 1250.

Due to Plaintiff's pro se status, the Court liberally construes their complaint. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But "[t]he broad reading of the [pro se] plaintiff's complaint does not relieve the plaintiff of alleging sufficient facts on which a recognized legal claim could be based." *Id.*

> [T]he [pro se] plaintiff whose factual allegations are close to stating a claim, but are missing some important element that may not have occurred to him, should be allowed to amend his complaint. Nevertheless, conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.

*Id.* (citations omitted).

**III.   Discussion.**

The Court concludes that any battery claim against Simpson must be dismissed because the Plaintiffs have not alleged any facts to raise a plausible claim for battery against him. In their response to the motion to dismiss, the Plaintiffs go outside the allegations in the complaint and contend that, "[o]n the date of the battery there were five bicyclists at a high rate of speed together in a group oblivious to anyone being on the property creating the situation that happened resulting in the Plaintiff Miguel Gutierrez being struck in the back by the unknown bicyclist." Response at 3 (Doc. 223). They further contend that, "[t]he manner in which they were riding that day is that

of a race in a group that anyone at any point in the path could have become injured," and because "Simpson orchestrated and took part in [the alleged trespass] knowing that there could have been the incident that happened," they have stated a claim for battery against Simpson. *Id.* at 4.  But even if the Court allowed the Plaintiffs to amend their complaint to include these additional factual allegations, they still would not state a claim for battery against Simpson.  Under New Mexico law, civil battery "occurs when an individual 'acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and . . . an offensive contact with the person of the other directly or indirectly results.'"  *Fuerschbach v. Southwest Airlines Co.*. 439 F.3d 1197, 1208-09 (10th Cir. 2006) (quoting *State v. Ortega*, 827 P.2d 152, 155 (N.M. Ct. App. 1992)).  The Plaintiffs' contention that Simpson intentionally trespassed on the Plaintiffs' property with other bicyclists who were all riding at a fast rate of speed and "oblivious to anyone" who may have been on the property, and that an unknown bicyclist struck Miguel while the bicyclists were yelling, "get out of the way,"does not state a claim for civil battery against Simpson.

**WHEREFORE,**

**IT IS ORDERED** that Defendant Philip Simpson's Motion to Dismiss Battery Claim Under Federal Rule of Civil Procedure 12(b)(6) (Doc. 215), filed on December 31 2007, is **GRANTED** and the battery claim against him is dismissed with prejudice.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**