IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MIGUEL and INGA GUTIERREZ,**

    **Plaintiffs,**

vs.                                                         **No. CIV 06-0937 RB/WPL**

**THOMAS SCHWANDER, et al.**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER
## DENYING MOTIONS FOR SUMMARY JUDGMENT

    This matter comes before the Court on Defendants Elizabeth A. and John S. Gordon's Second Motion for Summary Judgment, filed April 8, 2008 (Doc. 352), and on Defendants Thomas and Kerrin Schwander's Second Motion for Summary Judgment, filed April 8, 2008 (Doc. 354), which adopts the Gordons' motion. These Defendants contend that they are entitled to summary judgment on all of Plaintiffs Miguel and Inga Gutierrez's tort claims against them because the Plaintiffs have not identified expert medical witnesses who will testify that their alleged emotional and physical injuries were proximately caused by Defendants' conduct.

    In support of their motion, Defendants cite *Hull v. Feinstein*, 65 P.3d 266 (N. M. Ct. App. 2002), a case in which the plaintiff alleged in her complaint that she "suffered injuries and consequential damages when her foot caught on a rise in the sidewalk, causing her to fall." 65 P.2d at 267. The plaintiff in *Hull* sued the City of Santa Fe for negligence at a bench trial. Noting that the plaintiff had to prove "that her injuries were proximately caused by the City's negligence," the Court of Appeals noted that, although the plaintiff testified about her fall, her injuries, and the medical attention she had received, neither she nor the plaintiff's other witness testified about what "caused her to fall, but argued: 'If the City is not at fault, who is at fault?'" *Id.* at 269. Accordingly,

the plaintiff did not "meet her burden of proof on causation." *Id.* Thus, as the Defendants point out, a plaintiff must introduce evidence at trial showing that a defendant's conduct was a proximate cause of the plaintiff's injuries. But as *Hull* demonstrates, a plaintiff may testify about what caused her injuries and the medical attention she sought and received. The problem in *Hull* is that the plaintiff never testified that the protrusion in the sidewalk caused her to fall or that the City's negligence in allowing that protrusion to go unfixed caused her to fall, and therefore she did not establish a causal link between the City's failure to act and her injuries. It remains to be seen whether Plaintiffs will testify regarding proximate cause at their trial.

Plaintiffs claim that the Gordons' actions caused emotional and mental distress and injuries, including pain and suffering, by harassing them, accusing them of causing their dog's death, bringing false charges and making false reports against them, slandering them, damaging their reputations, invading their privacy, and assaulting them. Plaintiffs also claim that Defendant Thomas Schwander battered Plaintiff Inga Gutierrez by running over her foot with a tractor and that Defendant Elizabeth Gordon battered Plaintiff Miguel Gutierrez by elbowing him in the chest.

Defendants cite *Woods v. Brumlop*, 377 P.2d 520 (N.M. 1962), *overruled in part in Gerety v. Demers*, 589 P.2d 180 (N.M. 1978), a medical malpractice case, for the proposition that Plaintiffs must establish proximate cause by expert medical testimony. In *Woods*, a medical expert testified that he was "unable to form an opinion as to whether shock treatments could result in the loss of hearing." *Id.*, 377 P.2d at 522. The Court held that the plaintiff was not competent to testify that her loss of hearing was *medically* caused by electroshock treatments that the defendant psychiatrist had recommended that the plaintiff receive, holding that, "the cause and effect of a physical condition lies in a field of knowledge in which only a medical expert can give a competent opinion." *Id.*, 377 P.2d at 523.

The New Mexico Supreme Court later held that, while, "[o]rdinarily expert evidence is essential to support an action for malpractice against a physician or surgeon," when evidence supporting an inference of medical negligence "is within the realm of the common knowledge of the average person," expert testimony is not necessary to support a finding of medical malpractice. *Toppino v. Herhahn*, 673 P.2d 1297, 1300-01 (N.M. 1983).  And the New Mexico Supreme Court later expressly held that "it [is not] mandatory for the plaintiff to produce expert medical testimony in order to establish [a] claim for emotional injury." *Folz v. State*, 797 P.2d 246, 260 (N.M.1990). The Court in *Folz* held that

> [t]he court of appeals erroneously proceeded on the assumption that such testimony is required.  Although in many cases expert testimony will be required to establish causation and damages, such testimony is not always necessary.  As we stated in *Gerety v. Demers*, 92 N.M. 396, 411, 589 P.2d 180, 195 (1978), "the use of expert medical testimony should be employed when the trial court reasonably decides that it is necessary to properly inform the jurors on the issues."

*Id.* (citation omitted).

In *Gerety*, also a medical malpractice case, the New Mexico Supreme Court noted that "[n]egligence of a doctor in a procedure which is peculiarly within the knowledge of doctors, and in which a layman would be presumed to be uninformed, would demand medical testimony as to the standard of care.  However, if negligence can be determined by resort to common knowledge ordinarily possessed by an average person, expert testimony as to the standards of care is not essential." *Gerety v. Demers*, 589 P.2d 180, 195 (N.M. 1978) (quotation marks omitted). The *Gerety* Court stated that, "[i]n battery cases it has generally been held that expert medical testimony is not required to establish a standard of care or to show causation." *Id.* 589 P.2d at 191.  Thus, if a patient claimed only that a surgeon performed an operation for which the patient had not consented, "[a]s to causation in a battery action, the tort of battery is the wrongful touching of the patient's body

3

which by itself gives the patient a claim for substantial damages." *Id.*

Although there are no longer any claims for violation of 42 U.S.C. § 1983 in this case, an opinion discussing emotional damages arising from civil rights violations is persuasive:

> Where plaintiff is claiming emotional distress, this court has not required that proof of the injury be by expert testimony, as argued by defendants. *See Sweitzer v. Sanchez*, 80 N.M. 408, 456 P.2d 882 (Ct. App.1969) (evidence of acute emotional distress came from plaintiff; it was trial court's function to judge plaintiff's credibility and determine weight to give his testimony). Nor have defendants presented us with any basis for requiring special proof in Section 1983 cases. Under New Mexico law, Jacobs had the burden of proving causal connection between the wrongful conduct and his injury. Defendants do not cite to any authority for their contention that, in Section 1983 cases, causal connection also must be shown by expert medical testimony.
> . . . .
> 
>     . . . . In particular, as with pain and suffering, the law cannot fix a standard for measuring emotional distress, and this court must leave the proper compensation to the judgment of the fact finder.

*Jacobs v. Meister*, 775 P.2d 254, 261-63 (N.M. Ct. App. 1989) (citations omitted) (*disapproved of on other grounds by Carrillo v. Rostro*, 845 P.2d 130, 146 (N.M. 1992)). Defendants cite no authority for their contention that a plaintiff must have expert medical testimony to establish that a defendant's tortious actions (that are not based on medical malpractice) proximately caused their injuries.

As the movants on summary judgment, Defendants bear the burden of demonstrating that they are entitled to judgment as a matter of law on a legal issue. *See* Fed. R. Civ. P. 56(c); *Reed v. Nellcor Puritan Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) (holding that a district court may not grant a motion for summary judgment "without first examining the moving party's submission to determine if it has met its initial burden of demonstrating that no material issues of fact remain for trial and the moving party is entitled to judgment as a matter of law. If it has not, summary judgment is not appropriate, for no defense to an insufficient showing is required.") (quotation

marks and bracket omitted).  Defendants have failed to meet this burden, and it is not appropriate to grant judgment in their favor.

**WHEREFORE,**

**IT IS ORDERED** that Defendants Elizabeth A. and John S. Gordon's Second Motion for Summary Judgment (Doc. 352), filed on April 8, 2008, is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants Thomas and Kerrin Schwander's Second Motion for Summary Judgment (Doc. 354), filed on April 8, 2008, is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**