UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MIGUEL and INGA GUTIERREZ,

    Plaintiffs,

vs.                                                                               No. CIV 06-0937 RB/WPL

THOMAS SCHWANDER, et al.

    Defendants.

## MEMORANDUM OPINION AND ORDER
## DISMISSING MOST CLAIMS AGAINST WILFORD QUICK

    THIS MATTER comes before the Court on Defendant Wilford (Ray) Quick's Motion to Dismiss Plaintiffs Miguel and Inga Gutierrez's suit against him for failure to state a claim under FED. R. CIV. P. 12(b)(6). Because the Court concludes that the pro se Plaintiffs have not stated sufficient facts in their second amended complaint to show that Quick committed a cognizable tort against them except for trespass, the Court will grant the motion to dismiss in part.

    A motion to dismiss brought under Rule 12(b)(6) should be granted

> if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint does not contain 'enough facts to state a claim to relief that is plausible on its face.' " *Macarthur v. San Juan County*, 497 F.3d 1057, 2007 WL 2045456, at *5, 2007 U.S.App. LEXIS 17008, at *16 (10th Cir. 2007) (*quoting Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 1968-69, 167 L.Ed.2d 929 (2007)). As we have explained this new standard for reviewing a motion to dismiss, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

*Anderson v. Suiters*, 499 F.3d 1228, 1232 (10th Cir. 2007) (emphasis in original).

    The Plaintiffs' second amended complaint describes two incidents involving Quick. On April

21, 2004, one day after the Plaintiffs had closed on their property, "a rancher named Wilford (Ray) Quick came onto our property . . . to threaten the Plaintiffs . . . including threats of a gun battle if the Plaintiffs did not stop fencing their property." Second Am. Com. at 14, ¶ 40 (Doc. 168).

> On November 21, 2005 Wilford R. Quick, rancher, came to the front gate of the Plaintiffs' property blaring on his vehicle's horn and screaming at them to "get their ass out there." The Plaintiffs came out when Quick tried to force the gate open, even though it was secured with a lock and key. The Plaintiffs did not recognize him until they got to the gate. Mr. Quick again threatened that he had better not catch either the Plaintiffs or any of their animals anywhere on BLM land because he owned it. He never said what he would do, but it was very ominous and sinister. He yelled that the Plaintiffs were going to go to the penitentiary. He had numerous weapons in his vehicle including a shotgun, handgun and a hunting rifle. He was told to get off the Plaintiff's property and told Plaintiffs he didn't have to. He tried to get Plaintiff Miguel to come out into Plaintiff's arroyo. Mr. Quick finally left after he finished ranting, raving and threatening at the Plaintiffs for 10-15 minutes.

*Id.* at 37, ¶ 97. The Plaintiffs name Quick as a Defendant in several counts of their complaint. Counts One, Two, Three, and Seven have already been dismissed against him and all other Defendants. Count Four is for Malicious Abuse of Process; Count Five is for Invasion of Privacy, Count Nine is for assault and battery, and Count Twelve is for Perjury and False Statements, but the Plaintiffs have alleged no facts to support these claims against Quick. *See id.* at 68-73. They must be dismissed.

> In Count Six, for Trespass, the Plaintiffs allege:
>
> 240. All defendants began a campaign of trespass not by right but by the fact there was no legitimate law enforcement to stop this illegal activity.
> 241. This was done in violation of 66-7-10 of the New Mexico State Law.
> 242. Plaintiffs solitude and seclusion as well as their enjoyment of their property was violated by the neighbors interloping and physical invasion.
> 243. Defendants came armed and with cameras to further violate and trespass.
> 244. The Defendants acts violated the Plaintiff's right to exclude other from their property and other Constitutional violations.

*Id.* at 69. In New Mexico, "[t]he gist of an action of trespass to real property is in tort for the alleged injury to the right of possession." *Pacheco v. Martinez*, 97 N.M. 37, 41, 36 P.2d 308, 312 (Ct. App.

1981). "Every unauthorized entry upon the land of another is a trespass which entitles the owner to a verdict for some damages." *North v. Pub. Serv. Co.*, 94 N.M. 246, 247, 608 P.2d 1128, 1129 (Ct. App.1980) (citing the RESTATEMENT OF TORTS (2d), § 158 (1965)). "A trespasser is one who goes upon the premises of another without invitation, express or implied, and does so out of curiosity, or for his own purposes or convenience, and not in the performance of any duty to such owner." *Ruiz v. Southern Pac. Transp. Co.*, 97 N.M. 194, 206, 638 P.2d 406, 418 (Ct. App. 1981) (internal quotation marks omitted). The second amended Complaint states that Quick was having a conversation with the Plaintiffs while apparently standing on their property the first time he met them in April 2004. There are no allegations that the Plaintiffs asked him to leave, thus consent for him to be there is implied as a matter of law and the allegations in paragraph 40 do not state a claim for trespass. But the Plaintiffs allege that Quick tried to enter a locked gate and refused to leave in November 2005, after they asked him to get off their property. The Court must accept the Plaintiffs' allegations as true for the purposes of the motion to dismiss and will not dismiss a claim for trespass based on the allegations in paragraph 97.

Count Eight is for Harassment and Intimidation, which the Court has previously construed as an action for intrusion. *See* Doc. 393 at 9. The Plaintiffs contend that, based on their allegations,

> 250. All Defendants have participated in a campaign to isolate, slander, demean, threaten and drive the Plaintiffs out of their choice of place in which to reside.
> 251. Defendants acts were all done to accomplish an objective common to the defendants.
> 252. Defendants actions violated the Plaintiffs civil rights and property rights.

*Id.* at 70-71. As discussed on pages 19-20 of the Court's Memorandum Opinion and Order dated July 7, 2008 (Doc. 393), the tort of intrusion becomes actionable only when the defendant's action are deemed "highly offensive to a reasonable person," and the tort usually involves a physical invasion into someone's space. The Plaintiffs complaint does not allege any facts indicating that

Quick intruded into a place in which the plaintiffs secluded themselves, as when a defendant forces his way into a plaintiff's room in a hotel or insists over a plaintiff's objection in entering his home. There is no allegation that Quick repeatedly hounded the Plaintiffs so that their privacy was invaded. This Count must be dismissed against Quick.

Count Ten is for Intentional Infliction of Emotional Distress, and the Plaintiffs allege that "each of [the defendants] intended to subject the Plaintiffs to severe emotional distress and harm and that the "Plaintiffs suffered, continue to suffer and will suffer in the future, severe emotional distress." *Id.* at 72. In Count Eleven, for Outrage, the Plaintiffs allege that the Defendants, including Quick, "intended to subject the Plaintiffs to severe emotional distress and harm to constitute outrage." *Id.* at 73. For the same reasons as stated on pages 18-19 in the Court's July 7, 2008 Order (Doc. 393), the Court concludes that the Plaintiffs have not stated a cause of action for intentional infliction of emotional distress or outrage against Quick.

The Court concludes that the Plaintiffs have stated only a single cause of action for trespass against Quick based on their allegations in paragraph 97 of the second amended Complaint. All other claims against him must be dismissed.

**IT IS ORDERED** that Quick's Motion to Dismiss (Doc. 411) is GRANTED IN PART and that all claims against him except for a single state-law tort claim for trespass are dismissed.

                                                                             ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE