UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MIGUEL and INGA GUTIERREZ,

    Plaintiffs,

vs.                                            No. CIV 06-0937 RB/WPL

THOMAS SCHWANDER, et al.

      Defendants.

## MEMORANDUM OPINION AND ORDER
## DISMISSING MOST CLAIMS AGAINST BRENDA ROGERS

THIS MATTER comes before the Court on Defendant Brenda Roger's Motion to Dismiss Plaintiffs Miguel and Inga Gutierrez's suit against her for failure to state a claim under FED. R. CIV. P. 12(b)(6), filed Aug. 13, 2008 (Doc. 408).   Because the Court concludes that the pro se Plaintiffs have not stated sufficient facts in their second amended complaint to show that Rogers committed cognizable torts against them except for trespass and assault, the Court will grant the motion to dismiss in part.

A motion to dismiss brought under Rule 12(b)(6) should be granted

> if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint does not contain 'enough facts to state a claim to relief that is plausible on its face.' " *Macarthur v. San Juan County*, 497 F.3d 1057, 2007 WL 2045456, at *5, 2007 U.S.App. LEXIS 17008, at *16 (10th Cir. 2007) (*quoting Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 1968-69, 167 L.Ed.2d 929 (2007)).  As we have explained this new standard for reviewing a motion to dismiss, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

*Anderson v. Suiters*, 499 F.3d 1228, 1232 (10th Cir. 2007) (emphasis in original).

The Plaintiffs' second amended complaint describes four incidents involving Rogers. "On October 29, 2004 the Gordon's hired help, Brenda and Logan Rogers, dumped Gordon's trash on Plaintiff's property." Second Am. Com. (Doc. 168) at 21, ¶ 56. On April 6, 2005, "Miguel saw Brenda Rogers using her feet to measure (surveying) the front of Plaintiff's property . . . . Plaintiff Miguel took photos of her and the Otero County Co-op meter reader who was parked next to her vehicle on the Plaintiff's property." *Id.* at 28, ¶ 76. On August 11, 2006, Rogers "threw a beer bottle into Plaintiff's arroyo." *Id.* at 45, ¶ 113. "On September 26, 2006 Brenda Rogers, appearing drunk, forced Plaintiff Inga and her puppy off the Plaintiff's own property by racing over the property in her truck, nearly hitting them. She gave the Plaintiff the finger while doing this." *Id.* at 46, ¶ 115.

The Plaintiffs name Rogers as a Defendant in several counts of their complaint. Counts One, Two, Three, and Seven have already been dismissed against her and all other Defendants. Count Four is for Malicious Abuse of Process; Count Five is for Invasion of Privacy, and Count Twelve is for Perjury and False Statements, but the Plaintiffs have alleged no facts to support these claims against Rogers. *See id.* at 28-46. They must be dismissed.

In Count Six, for Trespass, the Plaintiffs allege:

240. All defendants began a campaign of trespass not by right but by the fact there was no legitimate law enforcement to stop this illegal activity.
241. This was done in violation of 66-7-10 of the New Mexico State Law.
242. Plaintiffs solitude and seclusion as well as their enjoyment of their property was violated by the neighbors interloping and physical invasion.
243. Defendants came armed and with cameras to further violate and trespass.
244. The Defendants acts violated the Plaintiff's right to exclude other from their property and other Constitutional violations.

*Id.* at 69. In New Mexico, "[t]he gist of an action of trespass to real property is in tort for the alleged injury to the right of possession." *Pacheco v. Martinez*, 97 N.M. 37, 41, 36 P.2d 308, 312 (Ct. App.

2

1981). "Every unauthorized entry upon the land of another is a trespass which entitles the owner to a verdict for some damages." *North v. Pub. Serv. Co.*, 94 N.M. 246, 247, 608 P.2d 1128, 1129 (Ct. App.1980) (citing the RESTATEMENT OF TORTS (2d), § 158 (1965)). "A trespasser is one who goes upon the premises of another without invitation, express or implied, and does so out of curiosity, or for his own purposes or convenience, and not in the performance of any duty to such owner." *Ruiz v. Southern Pac. Transp. Co.*, 97 N.M. 194, 206, 638 P.2d 406, 418 (Ct. App. 1981) (internal quotation marks omitted). Dumping trash, debris, or other matter on the land of another is also a form of trespass. *See McNeill v. Rice Eng'g & Operating, Inc.*, 139 N.M. 48, 52 & 54, 128 P.3d 476, 479 & 482 (Ct. App. 2005).

The second amended Complaint alleges that Rogers dumped trash or debris on the Plaintiffs' property on two occasions, which states a claim for trespass. And the Court must accept the Plaintiffs' allegations in paragraph 76 as true for the purposes of the motion to dismiss and will not dismiss a claim for trespass based on the allegations that Rogers walked on their property while her vehicle was parked on their property because there is no indication that Rogers asked for consent or that consent was implicit.

Count Eight is for Harassment and Intimidation, which the Court has previously construed as an action for intrusion. *See* Doc. 393 at 9. The Plaintiffs contend that, based on their allegations,

> 250. All Defendants have participated in a campaign to isolate, slander, demean, threaten and drive the Plaintiffs out of their choice of place in which to reside.
> 251. Defendants acts were all done to accomplish an objective common to the defendants.
> 252. Defendants actions violated the Plaintiffs civil rights and property rights.

*Id.* at 70-71. As discussed on pages 19-20 of the Court's Memorandum Opinion and Order dated July 7, 2008 (Doc. 393), the tort of intrusion becomes actionable only when the defendant's action are deemed "highly offensive to a reasonable person," and the tort usually involves a physical

3

invasion into someone's space.  The Plaintiffs complaint does not allege any facts indicating that Rogers intruded into a place in which the plaintiffs secluded themselves, as when a defendant forces her way into a plaintiff's room in a hotel or insists over a plaintiff's objection in entering his home.  There is no allegation that Rogers repeatedly hounded the Plaintiffs so that their privacy was invaded.  This Count must be dismissed against Rogers.

Count Nine is for Assault and Battery.  The Plaintiffs contend that "[a]ll Defendants were willing participants and had knowledge of the physical attacks on the Plaintiffs and were willing to resort to physical force to accomplish their goals." Second Am. Com. at 71.  "For there to be an assault, there must have been an act, threat or menacing conduct which causes another person to reasonably believe that he is in danger of receiving an immediate battery." *Baca v. Velez*, 114 N.M. 13, 15, 833 P.2d 1194, 1196 (Ct. App. 1992).  The Court concludes that the Plaintiffs stated a cause of action for assault against Rogers in paragraph 115 of the second amended Complaint.

Count Ten is for Intentional Infliction of Emotional Distress, and the Plaintiffs allege that "each of [the defendants] intended to subject the Plaintiffs to severe emotional distress and harm and that the "Plaintiffs suffered, continue to suffer and will suffer in the future, severe emotional distress." *Id.* at 72.  In Count Eleven, for Outrage, the Plaintiffs allege that the Defendants, including Rogers, "intended to subject the Plaintiffs to severe emotional distress and harm to constitute outrage." *Id.* at 73.  For the same reasons as stated on pages 18-19 in the Court's July 7, 2008 Order (Doc. 393), the Court concludes that the Plaintiffs have not stated a cause of action for intentional infliction of emotional distress or outrage against Rogers.

The Court concludes that the Plaintiffs have stated only causes of action for trespass and a claim for assault against Rogers based on their allegations in the second amended Complaint.  All other claims against her must be dismissed.

**IT IS ORDERED** that Roger's Motion to Dismiss (Doc. 408) is GRANTED IN PART and that all claims against her except for state-law tort claims for trespass and assault are dismissed.

_____
ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE