UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MIGUEL and INGA GUTIERREZ,

    Plaintiffs,

vs.                                                  No. CIV 06-0937 RB/WPL

THOMAS SCHWANDER, et al.

    Defendants.

## ORDER DENYING MOTION FOR INJUNCTIVE RELIEF

THIS MATTER comes before the Court on Plaintiffs Miguel and Inga Gutierrez's Motion for Immediate Injunctive Relief, filed August 8, 2008 (Doc. 404). The Gutierrezes seek preliminary and permanent injunctive relief enjoining Defendants John and Elizabeth Gordon and Thomas and Kerrin Schwander (1) "from interfering with the Plaintiff's use of their own property" in La Luz, New Mexico; (2) "from interfering with the emergency by-pass access of the Plaintiffs and be further ordered to protect the Plaintiff's property from further destruction as a result of their lack of maintenance, incompetent and substandard construction and other maintenance practices which have led to the destruction of the Plaintiff's property;" (3) from "attempt[ing] to destroy or alter the emergency bypass constructed by the Plaintiffs" on the property; (4) from "attempt[ing] to alter, block or destroy the Plaintiff's property used in the construction of the emergency by-pass;" (5) "from advancing any civil, criminal or administrative proceedings against the Plaintiffs with regards to the Plaintiff's property;" (6) "from constant photographing, stopping and staring at Plaintiffs and their property and otherwise harassing the Plaintiffs and their guardian dogs preventing them from enjoying the legitimate legal use of their own private property;" and (7) "from doing any further blading or dragging of the Plaintiff's property." Doc. 404 at 1-2. The Gutierrezes also seek an

order requiring the Gordons to "either control the water run-off from their property that is destroying the access area along with other areas of the Plaintiff's property and repair the damages or rule that the Gordons are abandoning the access." *Id.* at 2. Because the Gutierrezes no longer have an equitable or legal right to possess or inhabit the property they have been inhabiting in La Luz, and because they otherwise have failed to establish entitlement to injunctive relief, the Court will deny the motion.

"A preliminary injunction is an extraordinary remedy, and thus the right to relief must be clear and unequivocal." *Nova Health Sys. v. Edmonton*, 460 F.3d 1295, 1298 (10th Cir 2006) (internal quotation marks omitted). To show that the extreme remedy of a preliminary injunction should issue, "[a] party seeking an injunction from a federal court must invariably show that it does not have an adequate remedy at law." *N. Cal. Power Agency v. Grace Geothermal Corp.*, 469 U.S. 1306, 1306 (1984). "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981); *see Keirnan v. Utah Transit Auth.*, 339 F.3d 1217, 1220 (10th Cir. 2003) ("In issuing a preliminary injunction, a court is primarily attempting to preserve the power to render a meaningful decision on the merits.") (internal quotation marks omitted).

To establish the right to a preliminary injunction, the Gutierrezes as movants must demonstrate: "(1) the movant will suffer irreparable harm unless the injunction issues; (2) there is a substantial likelihood the movant ultimately will prevail on the merits; (3) the threatened injury to the movant outweighs any harm the proposed injunction may cause the opposing party; and (4) the injunction would not be contrary to the public interest." *Wyandette Nat'l v. Sebelius*, 443 F.3d 1247, 1254-55 (10th Cir. 2006) (internal quotation marks omitted).

The Defendants have presented documentary evidence establishing that the La Luz property

the Gutierrezes inhabit has been foreclosed upon in state court for their failure to pay mortgage payments since March 1, 2005, and that on November 16, 2007, the state district court entered a final, appealable judgment against them ordering the sale of the property and requiring the Gutierrezes to "vacate and quit possession of [the La Luz] property at or before the date set for the Special Master's sale." Doc. 410, Ex. D. After several delays, the Special Master's Sale was finally set for August 13, 2008 and the property was sold, subject to a one-month right of redemption. *See id.*, Ex. E. The Gutierrezes admit that the property was sold on August 13, 2008, but contend that their notice of appeal – apparently of the November 17, 2007 judgment declaring the rights of the parties in regard to the action for foreclosure – divested the state court of jurisdiction. *See* Doc. 419 at 1. They imply that the sale of the property, therefore, is not valid, *see id.*, but they are wrong. The New Mexico Supreme Court has held that, although a judgment of foreclosure is final for purposes of appeal, "the court adjudicating the action on the debt has continuing jurisdiction over the foreclosure . . . ." *Kelly Inn No. 102, Inc. v. Kapnison*, 113 N.M. 231, 237, 824 P.2d 1033, 1039 (1992) (citing *Crown Life Ins. Co. v. Candlewood, Ltd.*, 112 N.M. 633, 635, 818 P.2d 411, 413 (1991)). The Gutierrezes do not contend that they have exercised their right to redemption; therefore, if they still inhabit the property, their possession is unlawful and in violation of the state-court's November 2007 order. Because they now have no legal or equitable right to possession or habitation of the La Luz property, *see Plaza Nat. Bank v. Valdez*,106 N.M. 464, 465, 745 P.2d 372, 374 (1987) (stating, "[w]hen the bank became the purchaser at the judicial sale . . . all of the rights of the parties merged and passed to the bank as purchaser, excepting only the sole right of the mortgagor to redeem"), the Gutierrezes cannot establish that their right to any of the injunctive relief they request is "clear and unequivocal," *Nova Health Sys.*, 460 F.3d at 1298, nor can they show that they will be irreparably harmed if relief is not granted, *Wyandette Nat'l*, 443 F.3d at 1254-55.

**IT IS ORDERED** that the Gutierrezes' Motion for Immediate Injunctive Relief (Doc. 404) is DENIED.

_____
ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE