UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MIGUEL and INGA GUTIERREZ,

    Plaintiffs,

vs.                                                               No. CIV 06-0937 RB/WPL

THOMAS SCHWANDER, et al.

    Defendants.

## ORDER DENYING MOTION TO RECONSIDER

THIS MATTER comes before the Court on Thomas and Kerrin Schwander's Motion to Reconsider the Court's Memorandum Opinion and Order (Doc. 393), filed July 17, 2008 (Doc. 394). The Schwanders contend that the Court erred in denying their motion seeking summary judgment in their favor on the Plaintiffs' claims for malicious abuse of process. In the July 17 Order, the Court held:

> The Plaintiffs' second amended complaint bases a malicious abuse of process claim on Thomas Schwander's alleged filing of "citizens charges" against Miguel for reckless driving in April 2005. Doc. 168 ¶¶ 77, 232. The complaint also alleges that "Miguel was . . . charged by the Sheriff's Department with assault on Thomas Schwander and found not guilty." *Id.* at ¶ 68. The Schwanders do not address either claim in their motion for summary judgment and have not satisfied their burden under Rule 56.

Doc. 393 at 17. In their motion to reconsider, the Schwanders contend that, although they did not discuss the allegations in their motion for summary judgment and did not attach any affidavits or other evidence demonstrating that there were no genuine issues of material fact regarding those allegations, they sufficiently addressed these allegations in their reply brief by pointing out that the Plaintiffs had not come forward with evidence that the Schwanders were the complaining parties or that the Schwanders' complaints were the determining factor in the prosecutor's decision to

pursue charges or that the Schwanders said anything that was false, and "by arguing that the mere allegations were insufficient to defeat summary judgment."  Doc. 395 at 2-3.  Counsel for the Schwanders apparently misapprehends a movant's initial burden under Rule 56 of the Federal Rules of Civil Procedure.

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex*, 477 U.S. at 323 (quoting former FED. R. CIV. P. 56(c)).  As the Supreme Court explained almost forty years ago in *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160-61 (1970), the burden on the non-moving party to respond by supporting the allegations in his sworn complaint with affidavits or other evidence arises **only** if the summary judgment motion is properly supported as required by Rule 56(c).  Thus, summary judgment is "appropriate" under Rule 56(e) only when the moving party has met its initial burden of production under Rule 56(c).  If the moving party's evidence produced in support of the summary judgment motion does not meet this burden, "summary judgment must be denied *even if no opposing evidentiary matter is presented*." *Id.* at 160 (italics in original) (quotation marks omitted).  In *Reed v. Nellcor Puritan Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002), the Tenth Circuit held that a district court may not grant a motion for summary judgment "without first examining the moving party's submission to determine if it has met its initial burden of demonstrating that no material issues of fact remain for trial and the moving party is entitled to judgment as a matter of law.  If it has not, summary judgment is not appropriate, for no defense to an insufficient showing is required." (quotation marks and bracket omitted).

Where, as here, the moving party does not have the ultimate burden of persuasion at trial on

an issue, it still has "both the initial burden of production on a motion for summary judgment and the burden of establishing that summary judgment is appropriate as a matter of law." *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2002). "In our circuit, the moving party carries the burden of showing beyond a reasonable doubt that it is entitled to summary judgment." *Id.* (internal quotation marks omitted). "The moving party may carry its initial burden by producing affirmative evidence negating an essential element of the nonmoving party's claim, or by showing that the nonmoving party does not have enough evidence to carry its burden of persuasion at trial." *Id.* But if the moving party contends that the nonmoving party does not have enough evidence to carry its burden of persuasion at trial, it must make more than conclusory assertions to that effect, as the Schwanders have done here. "[C]onclusory assertions to aver the absence of evidence remain insufficient to meet this burden. Otherwise, as Justice Brennan cautioned, summary judgment '[would] be converted into a tool for harassment.' *Celotex*, 106 S.Ct. at 2554 (Brennan, J. dissenting)." *Windon Third Oil & Gas Drilling P'ship v. FDIC*, 805 F.2d 342, 346 n. 7 (10th Cir. 1986). "In other words, the moving party must affirmatively demonstrate that there is no evidence in the record to support judgment for the non-moving party." *Eaves v. Fireman's Fund Ins. Cos.*, No. 04-6156, 148 Fed. Appx. 696, 700, 2005 WL 2146058, **3 (10th Cir. Sept. 7, 2005) (unpublished disposition cited for persuasive value pursuant to FED. R. APP. P. 32.1 and 10th Cir. Rule 32.1).

Under our local rules, the moving party must set forth in the memorandum supporting the motion for summary judgment "a concise statement of all of the material facts as to which movant contends no genuine issue exists. The facts must be numbered and must refer with particularity to those portions of the record upon which movant relies." D.N.M.LR-Civ. 56.1(b). If a moving party fails to carry its initial burden of production by failing to set forth the concise, numbered statement

3

of undisputed material facts supported with affidavits or other evidence, "the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial." *Trainor*, 318 F.3d at 979 (internal quotation marks omitted).

As noted in the Court's opinion, the Schwanders did not comply with our local rules, nor did they meet their initial burden to demonstrate that no issue of genuine fact existed regarding the Gutierrezes' allegations that Thomas Schwander falsely reported to police that Miguel drove recklessly and assaulted him, which resulted in Miguel being criminally prosecuted, and that he was found not guilty of both charges. And, contrary to the contentions made only by counsel in the briefing, it appears that neither of these claims is based on immune testimony in judicial proceedings, but, rather, that both are based on allegedly false out-of-court statements to police and/or prosecutors.

**IT IS ORDERED** that the Schwanders' Motion to Reconsider (Doc. ) is DENIED.

---

**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**