UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MIGUEL and INGA GUTIERREZ,

      Plaintiffs,

vs.                                  No. CIV 06-0937 RB/WPL

THOMAS SCHWANDER, et al.

      Defendants.

## ORDER DENYING MOTION FOR LEAVE TO FILE
## AN INTERLOCUTORY APPEAL

THIS MATTER comes before the Court on Plaintiffs Miguel and Inga Gutierrez's Motion for Leave to File an Interlocutory Appeal, filed August 28, 2008 (Doc. 415). The motion apparently seeks an order from this Court that will certify, under the Interlocutory Appeals Act of 1958, 28 U.S.C. § 1292(b), several orders issued in 2007 and 2008 for interlocutory appeal.

"As a general rule, only final decisions of the district court are appealable." *Pimentel & Sons Guitar Makers, Inc. v. Pimentel*, 477 F.3d 1151, 1153 (10th Cir. 2007) (citing 28 U.S.C. § 1291). Interlocutory review is usually restricted to final decisions to prevent the "debilitating effect on judicial administration caused by piecemeal appellate disposition of . . . a single controversy." *Eisen v. Carlisle*, 417 U.S. 156, 170 (1974). But this Court may certify an order for an interlocutory appeal if it believes the order involves a "controlling question of law as to which there is substantial ground for difference of opinion and [if] an immediate appeal from the order may materially advance the ultimate termination of the litigation." § 1292(b). All three criteria must be met before an order may be certified for interlocutory appeal.

The Supreme Court has held that Congress intended only those orders "deemed pivotal and debatable" to be immediately appealable under § 1292(b). *Swint v. Chambers County Comm'n*, 514

U.S. 35, 46 (1995).  "Nonfinal orders [can] never be appealed as a matter of right" under § 1292(b).

*Coopers & Lybrand v. Livesay*, 437 U.S. 463, 474 (1978).  Only "exceptional circumstances justify

a departure from the basic policy of postponing appellate review until after the entry of a final

judgment." *Id.* at 475 (internal quotation marks omitted).  And the Tenth Circuit has noted that,

> A primary purpose of § 1292(b) is to provide an opportunity to review an order when an immediate appeal would "materially advance the ultimate termination of the litigation."  S. Rep. No. 2434, 85th Cong., 2d Sess. 1 (1958) (hereinafter S. Rep. 2434), *reprinted in* 1958 U.S.C.C.A.N. 5255, 5255; *see* Note, *Interlocutory Appeals in the Federal Courts Under 28 U.S.C. § 1292(b)*, 88 Harv. L. Rev. 607, 609-11 (1975) (avoidance of wasted trial court time is sole purpose of § 1292(b)).  A report by a Tenth Circuit committee addressing the same problem found:
>
>> Our recommendation is founded upon the premise that the enlargement of the right to appeal should be limited to extraordinary cases in which extended and expensive proceedings probably can be avoided by immediate final decision of controlling questions encountered early in the action.
>
> S. Rep. 2434, *supra*, 1958 U.S.C.C.A.N. at 5262 (appendix to the Senate report, submitted without dissent from other circuits). The requirement of district court certification is equally imperative, however, as a procedural screen to avoid a flood of fruitless petitions invoked contrary to the purpose of § 1292(b).  *Id.*

*State of Utah By and Through Utah State Dep't of Health v. Kennecott Corp.*, 14 F.3d 1489, 1495

(10th Cir. 1994).  The decision whether to allow an immediate appeal of a nonfinal order under

§ 1292(b) is a discretionary one.  *See Swint*, 514 U.S. at 47.

The Gutierrezes have not identified exactly which orders and rulings for which they desire

immediate interlocutory review.  But based on their arguments and liberally construing their motion,

it appears that they first contend that the Court should certify for immediate interlocutory appeal its

order giving collateral estoppel effect to issues already decided in state-court litigation between the

same parties.  The Court concludes, however, that the Gutierrezes have not shown that there is a

substantial ground for difference of opinion regarding that ruling.

They next apparently challenge the Court's rulings holding that the Plaintiffs have failed to allege sufficient facts to establish a violation of a constitutional right and granting summary judgment on the basis of qualified immunity to state and county law enforcement officers.   They also challenge rulings holding that the Plaintiffs have not stated claims for violation of the Fair Housing Act, the Americans with Disabilities Act, or for conspiracy under 42 U.S.C. § 1985(3). Again, although these ruling may be pivotal in that the Plaintiffs have been prohibited from further pursuing these claims at trial, the law on which the Court relied is not debatable.   In short, the Court's orders are not exceptional ones whose early appellate resolution would counteract the debilitating effect on judicial administration caused by piecemeal appellate disposition.

**IT IS ORDERED** that Defendants' Motion for Leave to File an Interlocutory Appeal (Doc. 415) is DENIED.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**